# EXHIBIT 1



**MARK MILLER**
**Partner**
**(801) 933-4068**
**miller.mark@dorsey.com**

June 2, 2021

**VIA ELECTRONIC MAIL AND CERTIFIED U.S. MAIL**

Ben Herman, CEO
CANVAS TECHNOLOGIES, INC.
55 2nd Street, Suite 325
San Francisco, CA 94105
ben@canvas.com

  Re: Infringement of Instructure's CANVAS Trademark

Dear Mr. Herman:

  Dorsey & Whitney represents Instructure, Inc. ("Instructure") in connection with its intellectual property matters, including trademark matters.  For many years, Instructure has provided a cloud-based software service platform primarily directed to K-12 and Higher Education institutions around the world under the CANVAS® trademark.  The CANVAS® platform offers a variety of services, including CANVAS® LMS (learning management system) to support and enhance content creation, management, and delivery of face-to-face and online instruction, CANVAS® Studio to enable creation and delivery of video learning experiences, CANVAS® Catalog to enable institutions to create and maintain a branded marketplace, a CANVAS® assessment system to measure student learning and preparedness, a CANVAS® online skills portfolio and recruiting system (aka Portfolium) to assist and guide students in showcasing their online portfolios to employers, and CANVAS® Network to enable institutions to offer and deliver online content beyond their own student-body.  The broad capabilities and reach of the CANVAS® platform continue to grow among institutions across the United States and the world.  With its cloud-native offerings, open APIs, support of industry standards, and accessibility, Instructure's diverse CANVAS® platform serves as a connection hub for students, educators, parents, content providers, businesses, employers, and recruiters.  Today, the CANVAS® platform boasts over 6,000 customers in more than 90 countries, with more than 30 million users connecting to CANVAS®.  This includes many state universities and large K-12 institutions across the United States, all of the Ivy League universities, the entire higher education systems for Sweden and Norway, as well as corporate and business customers.  CANVAS® is, therefore, not only a widely-recognized platform for education and business learning services, it is perfectly situated to expand into adjacent markets given the dynamic interactions between industry and educational institutions.

  The CANVAS® platform has received wide distribution, recognition and acclaim worldwide.  Although CANVAS® had been widely adopted and implemented across the county from its introduction in 2010 to 2019, the COVID-19 pandemic accelerated the adoption of cloud-based educational platforms such that the use and recognition of the CANVAS® platform has grown exponentially over the past 18 months and is unlikely to slow down.  Given the broad



Canvas Technologies, Inc.
June 2, 2021
Page 2

array of software services provided through the CANVAS® platform and its ever-growing recognition and fame in the United States, Instructure's trademark rights in the CANVAS® mark are strong and immeasurably valuable to the future of the company.

The United States Patent and Trademark Office has recognized the distinctive strength of the CANVAS® mark and has granted Instructure U.S. Registration Nos. 4,080,698 and 5,191,435 to protect the CANVAS® mark.  Copies of these federal registration certificates are attached for your convenience.  The CANVAS® mark is registered in connection with, *inter alia*, providing software application services that enable uploading, posting, showing, displaying, tagging, blogging, sharing or otherwise providing electronic media or information over the Internet or other communications network.[1]

We have learned of Jumpstart's rebranding to CANVAS and its recent launch of the www.canvas.com domain.  First, Instructure congratulates you on developing what appears to be a quality platform and admires your commitment to advance best practices in diversity and inclusion in hiring.  Instructure believes your platform and services have great potential and wishes you nothing but success.  However, given Instructure's strong trademark rights, that success must come under a different brand and cannot proceed under the CANVAS name.  Instructure has developed the strength and brand-recognition of the CANVAS® mark through immense investments of both human and monetary capital over many years.  A review of your products and services on the www.canvas.com domain confirm you are very much in the space protected by Instructure's registered trademark rights: providing software application services that enable uploading, posting, showing, displaying, tagging, blogging, sharing or otherwise providing electronic media or information over the Internet.  Thus, your CANVAS-branded software services conflict with the CANVAS® platform and are likely to create confusion regarding any affiliation, relationship or sponsorship by Instructure's CANVAS®.

In addition, you offer your CANVAS-branded platform in spaces that conflict with Instructure's market, including its core higher education market.  For example, as shown below, your CANVAS services include software solutions for universities, which is a core market for Instructure's CANVAS® platform, and offer student recruitment services very similar to the CANVAS® Portfolium product, which enables students to market themselves to industry.  You even present the CANVAS mark in a very similar manner with a circular design next to it.[2]

---

[1] This statement of application services excludes technical graphics or imaging, and technical graphic or imaging software and pertinent support services in the fields of science, engineering, aviation, petrochemical, and geographical information systems.

[2] Although Instructure's trademark rights broadly cover the CANVAS name irrespective of font or design aspects, the similarity in your actual use of the CANVAS mark is striking and suggests you are trying to benefit from the goodwill and recognition Instructure has built in the CANVAS® mark for more than a decade.



Canvas Technologies, Inc.
June 2, 2021
Page 3





It is telling that a quote from one of your customers prominently displayed on the www.canvas.com website could easily be used to promote Instructure's CANVAS® platform: "Canvas is the university solution built for the 21st century." https://www.canvas.com/university-solutions.  Given the deep relationships Instructure has within higher education via the CANVAS® platform, it is difficult to see how your continued use of the CANVAS mark could not result in a substantial amount of the relevant marketplace mistakenly believing that you are somehow a subsidiary of, affiliated with, or otherwise licensed by Instructure's CANVAS®.  Consequently, your use of the CANVAS brand constitutes trademark infringement under the federal Lanham Act.  15 U.S.C. §§ 1125 and 1114.

Trademark infringement occurs where a person uses in commerce a copy of a registered trademark or "any word, term, name, symbol, or device, or any combination thereof" in connection with the provision of goods or services that "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person."  15 U.S.C. §§ 1125 and 1114.  Determining the existence of a likelihood of confusion requires evaluation of several factors, including (1) the degree of similarity between the marks; (2) similarity of products and manner of marketing; and (3) the strength or weakness of the marks.³  *Sally Beauty Co. v. Beautyco, Inc.*, 304 F.3d 964, 972 (10th Cir. 2002).  The degree of similarity between the marks is the most important factor.  *Affliction Holdings, LLC v. Utah Vap or Smoke, LLC*, 935 F.3d 1112, 1115 (10th Cir. 2019).

---

³ Other relevant factors include the intent of the alleged infringer, evidence of actual confusion, and the degree of care likely to be exercised by purchasers.  Because Jumpstart's rebranding to CANVAS is so new, it is likely that actual confusion is taking place but that evidence of that confusion is difficult to locate.  In addition, Instructure does not wish to accuse you of intentionally trading off the goodwill and brand-recognition of the CANVAS® mark at this stage.  We prefer to assume Jumpstart/Canvas acted and will continue to act in good faith.



Canvas Technologies, Inc.
June 2, 2021
Page 4

In this case, Instructure's CANVAS® mark is both conceptually and commercially strong. The CANVAS® mark is not descriptive of the services Instructure provides; it is an "arbitrary" mark and therefore carries a high degree of conceptual strength.[4]  In addition, given the many years and significant resources Instructure has devoted to building the CANVAS® brand, it is widely recognized across the country and carries a high degree of commercial strength.[5] Against the backdrop of the strength of the CANVAS® mark, the likelihood of confusion from your use of CANVAS is clear when the most important factor—similarity of the marks—is considered.  Indeed, the two marks at issue here are not just similar—they are *identical*. Jumpstart rebranded itself using the exact trademark owned by Instructure: CANVAS.  Finally, both parties offer software platform services in overlapping markets.  It is abundantly clear that your use of the CANVAS® mark constitutes trademark infringement and is highly likely to mislead people and institutions into mistakenly believing your services are owned by, sponsored by, or otherwise affiliated with Instructure's CANVAS®.  Accordingly, in compliance with its duty to police and enforce its trademark rights, Instructure must demand that you immediately stop using the CANVAS® mark and the infringing www.canvas.com domain.

Under the law, Instructure can compel you to stop using the CANVAS® mark and the infringing www.canvas.com domain and can also recover the profits you have generated from your infringing activities under the CANVAS® mark.  15 U.S.C. §§ 1116, 1117.  However, Instructure prefers to resolve this matter amicably and avoid the need for costly federal court litigation.  To that end, Instructure is willing to forego monetary damages, grant you a reasonable grace period in which you can rebrand to something other than CANVAS, and even pay you a reasonable price for the www.canvas.com domain to help cover your costs of rebranding.

This generous offer will only be open for **7 days from your receipt of this letter**, and can only be accepted by written confirmation from Canvas Technologies, Inc. that it will stop using the CANVAS brand, will not adopt any brand confusingly similar to the CANVAS® mark, and will transfer the www.canvas.com domain to Instructure.  Instructure is hopeful that this matter can be resolved quickly and amicably.  However, if you fail to timely comply with Instructure's demand, we have been instructed to promptly pursue all available avenues to formally enforce Instructure's trademark rights, stop your infringing conduct, and recover your infringing profits.  We hope that will be unnecessary and look forward to your timely response and compliance with these demands.

---

[4] "Arbitrary marks comprise those words, symbols, pictures, etc., that are in common linguistic use but which, when used with the goods or services in issue, neither suggest nor describe any ingredient, quality or characteristic of those goods or services."  *King of the Mt. Sports, Inc. v. Chrysler Corp.*, 185 F.3d 1084, 1093 (10th Cir. 1999) (explaining such marks are "quite strong").
[5] Commercial strength is "the marketplace recognition value of the mark."  *King of the Mountain*, 185 F.3d at 1093.



Canvas Technologies, Inc.
June 2, 2021
Page 5

Best regards,

Mark Miller
DORSEY & WHITNEY, LLP

MM:



# United States of America
## United States Patent and Trademark Office

# CANVAS

**Reg. No. 4,080,698**

**Registered Jan. 3, 2012**

**Int. Cl.: 42**

**SERVICE MARK**

**PRINCIPAL REGISTER**

INSTRUCTURE, INC. (DELAWARE CORPORATION)
SUITE 100
6415 SOUTH 3000 EAST
SALT LAKE CITY, UT 84121

FOR: APPLICATION SERVICE PROVIDER (ASP) FEATURING SOFTWARE FOR USE IN EDUCATIONAL COURSE AND CURRICULUM MANAGEMENT, ONLINE COMMUNICATION BETWEEN TEACHERS, ACADEMIC RESEARCHERS, AND STUDENTS, TRACKING STUDENT PROGRESS, AND FOR FACILITATING AND CONDUCTING ONLINE CONNECTIONS, COLLABORATIONS, AND INTERACTIVE DISCUSSIONS BETWEEN CLASSROOM STUDENTS; TECHNICAL SUPPORT SERVICES, NAMELY, TROUBLESHOOTING OF COMPUTER SOFTWARE PROBLEMS, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 6-0-2010; IN COMMERCE 6-0-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 85-004,447, FILED 4-1-2010.

DARRYL SPRUILL, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  *See* 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  *See* 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  *See* 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:   Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

# United States of America

## United States Patent and Trademark Office

# CANVAS

**Reg. No. 5,191,435**

**Registered Apr. 25, 2017**

**Int. Cl.: 42**

**Service Mark**

**Principal Register**

Instructure, Inc. (DELAWARE CORPORATION)
6330 South 3000 East, Suite 700
Salt Lake City, UT 84121

CLASS 42: Application service provider (ASP) featuring software to enable uploading, posting, showing, displaying, tagging, blogging, sharing or otherwise providing electronic media or information over the Internet or other communications network, all excluding technical graphics or imaging, and technical graphic or imaging software and pertinent support services in the fields of science, engineering, aviation, petrochemical, and geographical information systems

FIRST USE 5-00-2012; IN COMMERCE 5-00-2012

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

OWNER OF U.S. REG. NO. 4080698

SER. NO. 85-632,326, FILED 05-22-2012
DORITT CARROLL, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

---

### REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION

### WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.

---

**Requirements in the First Ten  Years***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an  Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** h ttp://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.