Sterling A. Brennan (UT Bar No. 10060)
sbrennan@mabr.com
MASCHOFF BRENNAN GILMORE
ISRAELSEN & WRIGHT, PLLC
111 South Main Street, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 297-1850

Peter J. Willsey (Admitted Pro Hac Vice)
pwillsey@brownrudnick.com
Vincent J. Badolato (Admitted Pro Hac Vice)
vbadolato@brownrudnick.com
BROWN RUDNICK LLP
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005
Telephone: (202) 536-1700

Jason M. Sobel (Admitted Pro Hac Vice)
jsobel@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800

Stephanie P. Calnan (Admitted Pro Hac Vice)
scalnan@brownrudnick.com
BROWN RUDNICK LLP
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200

Attorneys for Defendant/Counterclaim-Plaintiff
CANVAS TECHNOLOGIES, INC.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| INSTRUCTURE, INC., a Delaware corporation,<br><br>          Plaintiff/<br>          Counterclaim-Defendant,<br><br>v.<br><br>CANVAS TECHNOLOGIES, INC., a Delaware corporation,<br><br>          Defendant/<br>          Counterclaim-Plaintiff. | Civil No. 2:21-cv-00454-DAK-CMR<br><br>**CANVAS TECHNOLOGIES, INC.'S EVIDENTIARY OBJECTIONS TO THE SUPPLEMENTAL DECLARATION OF STEVE DALY IN SUPPORT OF INSTRUCTURE'S REPLY TO PRELIMINARY INJUNCTION MOTION**<br><br>District Judge: Hon. Dale A. Kimball<br>Magistrate Judge: Hon. Cecelia M. Romero |

Pursuant to Rule 7-1(b)(1)(B) of the Local Rules of the District of Utah (the "Local Rules"), Defendant/Counterclaim-Plaintiff Canvas Technologies, Inc. ("Canvas" or "Defendant/Counterclaim-Plaintiff"), by and through its counsel, respectfully submits these

1

evidentiary objections to the Supplemental Declaration of Steve Daly in Support of Instructure's Reply to Preliminary Injunction Motion (ECF No. 41) (the "Daly Supplemental Declaration").

## I. OBJECTIONS TO THE STATEMENTS IN THE DALY SUPPLEMENTAL DECLARATION

### A. The Daly Supplemental Declaration Is Primarily Argumentative

Plaintiff/Counterclaim-Defendant Instructure, Inc.'s ("Instructure" or "Plaintiff/Counterclaim-Defendant") submitted the Daly Supplemental Declaration along with its reply in support of its motion for a preliminary injunction. Set forth in the chart below are Canvas's evidentiary objections.

Notably, the Daly Supplemental Declaration, which spans 53 pages of testimony and 41 pages of exhibits, primarily includes argument and is an improper attempt by Instructure to make an end-run around the 10-page reply brief limit. This presentation of argument is objectionable under the Federal Rules of Evidence ("FRE"). Canvas respectfully submits that the Court should disregard the argument in the Daly Supplemental Declaration. To avoid inundating the Court with many objections on this basis, Canvas has only identified the more salient statements that are argumentative in the below chart.

### B. Specific Evidentiary Objections to Daly Supplemental Declaration[1]

Canvas objects to the following paragraphs of the Daly Supplemental Declaration for the reasons set forth below.

---

[1] It appears that Instructure attempted to provide links for some of the videos cited in the Daly Supplemental Declaration, but such links do not work and Instructure has not otherwise provided the URLs to those videos. Canvas searched for the videos based on the details provided but reserves its rights to further object if Instructure provides workable links to the evidence submitted to the Court.

| Paragraph No. | Evidentiary Objections to the Daly Supplemental Declaration |
|---|---|
| 5 | Canvas objects to the following statement in this paragraph on the grounds that it lacks foundation (FRE 602) as Mr. Daly only joined Instructure in 2020 and sets no foundation for his personal knowledge of Instructure's services before his arrival.<br><br>• "Instructure began offering this service to higher education students in July of 2010 through its Canvas ePortfolio product, and has continuously offered this service since then under the Canvas mark." |
| 6 | Canvas objects to the following statements in this paragraph on the grounds that they lack foundation (FRE 602), constitute inadmissible hearsay (FRE 802), and mischaracterize the evidence.<br><br>• "According to Defendant, the Concierge Alliance of Napa Valley and Sonoma, which sometimes goes by the acronym 'canvas,' hosts the job board on its website at jobs.conciergeallieance.com. Because this job board expressly states that it is 'for Job Providers and Job Seekers in ***Napa and Sonoma***' (See Opp. at p. 5 (emphasis added)), I will refer to it as the 'California Job Board.'"<br><br>Mr. Daly offers testimony based not upon his personal knowledge of the subject matter, but rather based upon documents containing the written or oral assertions of another. Mr. Daly does not have personal knowledge of what Concierge Alliance of Napa Valley and Sonoma "goes by" or the operation of Ms. Smith's CANVAS job board. Accordingly, Mr. Daly lacks the personal knowledge required to testify to such matters, and his statements are hearsay for which no exception applies. |

3

| 8 | Canvas objects to all the statements in this paragraph on the grounds that they lack foundation (FRE 602), constitute inadmissible hearsay (FRE 802), and constitute improper opinion testimony (FRE 701, FRE 702). Mr. Daly offers testimony based not upon his personal knowledge of the subject matter, but rather based upon documents containing the written or oral assertions of another. Accordingly, Mr. Daly lacks the personal knowledge required to testify to such matters, and his statements are hearsay for which no exception applies. Further, Mr. Daly's testimony regarding job boards in general constitutes improper opinion testimony. |
|---|---|
| 9 | Canvas objects to all the statements in this paragraph on the grounds that they lack foundation (FRE 602), constitute inadmissible hearsay (FRE 802), and mischaracterize the evidence. Mr. Daly offers testimony based not upon his personal knowledge of the subject matter, but rather based upon documents containing the written or oral assertions of another. Mr. Daly does not have personal knowledge of the operation of Ms. Smith's CANVAS job board. Accordingly, Mr. Daly lacks the personal knowledge required to testify to such matters, and his statements are hearsay for which no exception applies. |
| 10 | Canvas objects to the statement in this paragraph on the grounds that it lacks foundation (FRE 602) and is improper opinion testimony (FRE 701). Mr. Daly lacks the personal knowledge required to testify to the operation of Canvas's platform and Mr. Daly's testimony regarding whether it is a job board constitutes improper opinion testimony. |

| | |
|---|---|
| 11 | Canvas objects to all the statements in this paragraph on the grounds that they lack foundation (FRE 602), constitute inadmissible hearsay (FRE 802), and are improper opinion testimony (FRE 701). Mr. Daly offers testimony based not upon his personal knowledge of the subject matter, but rather based upon documents containing the written or oral assertions of another. Mr. Daly does not have personal knowledge of the marketing or advertising of Canvas's platform or the "functionality, interactivity, and customization" of Canvas's platform or Ms. Smith's CANVAS Job Board. Accordingly, Mr. Daly lacks the personal knowledge required to testify to such matters, and his statements are hearsay for which no exception applies. Further, Mr. Daly's testimony regarding job boards in general constitutes improper opinion testimony. |
| 14 | Canvas objects to all the statements in this paragraph on the grounds that they lack foundation (FRE 602), constitute inadmissible hearsay (FRE 802), and are improper opinion testimony (FRE 701). Mr. Daly offers testimony based not upon his personal knowledge of the subject matter, but rather based upon documents containing the written or oral assertions of another. Mr. Daly does not have personal knowledge of "the use of eportfolios as a recruiting or job placement tool" in 2010 or 2008, including whether eportfolios were "getting growing attention in Higher Education." Moreover, Mr. Daly only joined Instructure in 2020. Accordingly, Mr. Daly lacks the personal knowledge required to testify to such matters, and his statements are hearsay for which no exception applies. |

| 31 | Canvas objects to the following statement in this paragraph on the grounds that it lacks foundation (FRE 602) and constitutes inadmissible hearsay (FRE 802). <ul><li>"Higher Education institutions were asking Instructure for eportfolio functionality for purposes of professional careers beyond the university as early as 2011, and Instructure pitched its Canvas ePortfolios to those institutions at that time as a recruiting tool."</li></ul> Mr. Daly offers testimony based not upon his personal knowledge of the subject matter, but rather based upon documents containing the written or oral assertions of another. Mr. Daly does not have personal knowledge of what "Higher Education institutions were asking" in 2011 because Mr. Daly first began working for Instructure in June 2020. Accordingly, Mr. Daly lacks the personal knowledge required to testify to such matters, and his statements are hearsay for which no exception applies. |
| --- | --- |
| 34 | Canvas objects to the following statement in this paragraph on the grounds that it lacks foundation (FRE 602) and mischaracterizes the evidence. <ul><li>"In addition to touting Canvas ePortfolios as an employment-focused tool to Higher Education institutions, since at least early 2011, Instructure has been marketing its ePortfolio service to Canvas users themselves (*i.e.*, Higher Education students) as a tool to help them connect with employers and showcase their skills."</li></ul> Mr. Daly does not have personal knowledge of how Instructure marketed its Canvas ePortfolio in early 2011 because Mr. Daly first began working for Instructure in June 2020, nor do the videos cited support ePortfolio being "a tool to help them connect with employers." Accordingly, Mr. Daly lacks the personal knowledge required to testify to such matters, and, further, mischaracterizes ePortfolio as "an employment-focused tool." |

6

| | |
|---|---|
| 35 | Canvas objects to the following statement in this paragraph on the grounds that it lacks foundation (FRE 602). <ul><li>"As a result, tens of millions of Canvas users have seen this message over the past decade."</li></ul> Mr. Daly does not have personal knowledge of what "tens of millions of Canvas users have seen" and his statement provides no support as to how he could arrive at this conclusion. Accordingly, Mr. Daly lacks the personal or even supportable second-hand knowledge required to testify to such matters. |
| 41 | Canvas objects to the following statement in this paragraph on the grounds that it lacks foundation (FRE 602) and mischaracterizes the evidence. <ul><li>"On the contrary, there is significant evidence that this [used as 'an employment recruiting and hiring tool'] is exactly how Canvas ePortfolio has been used over the past decade, including well before Colby Smith started her California Job Board in July of 2013."</li></ul> Mr. Daly does not have personal knowledge of "how Canvas ePortfolio has been used over the past decade," because Mr. Daly first began working for Instructure in June 2020. Accordingly, Mr. Daly lacks the personal knowledge required to testify to such matters, and, further, mischaracterizes ePortfolio as "an employment recruiting and hiring tool." |
| 42 | Canvas objects to the following statement in this paragraph on the grounds that it lacks foundation (FRE 602), constitutes inadmissible hearsay (FRE 802), and mischaracterizes the evidence. <ul><li>"The Nursing Department used ePortfolio expressly as a tool for employment recruitment and hiring, as made crystal clear from the introduction to the video:"</li></ul> |

7

| | |
|---|---|
| | Mr. Daly offers testimony based not upon his personal knowledge of the subject matter, but rather based upon a video containing the written or oral assertions of another. Mr. Daly does not have personal knowledge of how "[t]he Nursing Department used ePortfolio." Accordingly, Mr. Daly lacks the personal knowledge required to testify to such matters, and his statements are hearsay for which no exception applies. Further, Mr. Daly mischaracterizes the evidence as the video does not mention "employment recruiting and hiring." |
| 46 | Canvas objects to the following statement in this paragraph on the grounds that it lacks foundation (FRE 602) and constitutes inadmissible hearsay (FRE 802). <ul><li>"Students were encouraged to insert the following types of pages into the 'Character Traits that Will Contribute to an Employer' section of their Canvas ePortfolios: 'teamwork/people skills,' 'service project participation,' 'public speaking/presentations,' 'volunteer organizations,' etc."</li></ul> Mr. Daly offers testimony based not upon his personal knowledge of the subject matter, but rather based upon a video containing the written or oral assertions of another. Mr. Daly does not have personal knowledge of what or how "[s]tudents were encouraged." Accordingly, Mr. Daly lacks the personal knowledge required to testify to such matters, and his statements are hearsay for which no exception applies. |
| 47 | Canvas objects to the statement in this paragraph on the grounds that it lacks foundation (FRE 602), constitutes inadmissible hearsay (FRE 802), and mischaracterizes the evidence. Mr. Daly offers testimony based not upon his personal knowledge of the subject matter, but rather based upon a video containing the written or oral assertions of another. Mr. Daly does not have |

|    |    |
|----|----|
|    | personal knowledge of how "students are instructed." Accordingly, Mr. Daly lacks the personal knowledge required to testify to such matters, and his statements are hearsay for which no exception applies. Further, Mr. Daly mischaracterizes the evidence as the video makes no mention of "interest to a future employer." |
| 48 | Canvas objects to the statement in this paragraph on the grounds that it lacks foundation (FRE 602), constitutes inadmissible hearsay (FRE 802), and mischaracterizes the evidence. Mr. Daly offers testimony based not upon his personal knowledge of the subject matter, but rather based upon a video containing the written or oral assertions of another. Mr. Daly does not have personal knowledge of what "the Nursing Department expressly instructed their students." Accordingly, Mr. Daly lacks the personal knowledge required to testify to such matters, and his statements are hearsay for which no exception applies. Further, Mr. Daly mischaracterizes the evidence because the video makes no mention of the use of "Canvas ePortfolio as a recruitment and job-seeking tool." |
| 49 | Canvas objects to the statements in this paragraph on the grounds that they lack foundation (FRE 602), constitute inadmissible hearsay (FRE 802), and mischaracterize the evidence. Mr. Daly offers testimony based not upon his personal knowledge of the subject matter, but rather based upon a video containing the written or oral assertions of another. Mr. Daly does not have personal knowledge of what "the University of North Texas Health Science Center instructed its students." Accordingly, Mr. Daly lacks the personal |

|  | |
|---|---|
|  | knowledge required to testify to such matters, and his statements are hearsay for which no exception applies. Further, Mr. Daly mischaracterizes the evidence because the video makes no mention of using Canvas ePortfolios "to seek employment." |
| 51 | Canvas objects to the following statement in this paragraph on the grounds that it lacks foundation (FRE 602), constitutes inadmissible hearsay (FRE 802), and mischaracterizes the evidence.<br><br>• "Again, North Central Texas College is expressly instructing its students to use Canvas ePortfolio to connect with job opportunities in order to get hired."<br><br>Mr. Daly offers testimony based not upon his personal knowledge of the subject matter, but rather based upon documents containing the written or oral assertions of another. Mr. Daly does not have personal knowledge of how "North Central Texas College is expressly instructing its students." Accordingly, Mr. Daly lacks the personal knowledge required to testify to such matters, and his statements are hearsay for which no exception applies. Further, Mr. Daly mischaracterizes the evidence because the document makes no reference to how students "use Canvas ePortfolio to *connect* with job opportunities in order to get hired." (emphasis added). |
| 53 | Canvas objects to the following statements in this paragraph and footnote 10 to this paragraph on the grounds that they lack foundation (FRE 602) and constitute inadmissible hearsay (FRE 802).<br><br>• "Without doubt, over the past ten years, tens of thousands of higher education students have shared ePortfolios with potential employers."<br>• "Despite this misunderstanding by this Canvas Community member, her comment reveals that in 2018 (before Instructure acquired Portfolium) |

|  |  |
|---|---|
|  | students were creating ePortfolios as a job-seeking tool and were then sharing those ePortfolios with potential employers." <br><br> Mr. Daly offers testimony based not upon his personal knowledge of the subject matter, but rather based upon a post containing the written or oral assertions of another. Mr. Daly does not have personal knowledge that "tens of thousands of higher education students have shared ePortfolios with potential employers" or that "in 2018…students were creating ePortfolios as a job-seeking tool." Again, Mr. Daly first began working for Instructure in June 2020 and he provides no basis upon which he could validate the "facts" in these statements. Accordingly, Mr. Daly lacks the personal knowledge required to testify to such matters, and his statements are hearsay for which no exception applies. |
| 54 | Canvas objects to the following statements in this paragraph on the grounds that they lack foundation (FRE 602) and constitute inadmissible hearsay (FRE 802). <br><br> - "Further, during that time, higher education schools expressly instructed their students on using Canvas ePortfolios as a tool to help them connect with employers and job opportunities." <br> - "Finally, during that time, students have actually shared their Canvas ePortfolios with prospective employers." <br><br> Mr. Daly offers testimony based not upon his personal knowledge of the subject matter, but rather based upon the written or oral assertions of another. Mr. Daly does not have personal knowledge of how "higher education schools expressly instructed their students" or whether "students have actually shared their Canvas ePortfolios with prospective employers," and he provides no basis upon which he could validate the "facts" in these statements. Accordingly, Mr. Daly lacks |

|    |    |
|----|----|
|    | the personal knowledge required to testify to such matters, and his statements are hearsay for which no exception applies. |
| 81 | Canvas objects to the following statements in this paragraph on the grounds that they lack foundation (FRE 602) and constitute inadmissible hearsay (FRE 802).<br><br>- "Although Portfolium is more sophisticated than Canvas' ePortfolio tool, it is a natural extension of the tool in users' minds and for practical purposes of seeking and applying for jobs."<br>- "As one Canvas ePortfolio student commented 'Portfolium looks like a nicer version of [e]portfolios.'"<br><br>Mr. Daly offers testimony based not upon his personal knowledge of the subject matter, but rather based upon a post containing the written or oral assertions of another. Mr. Daly does not have personal knowledge of the thoughts and perceptions in the "users' minds." Accordingly, Mr. Daly lacks the personal knowledge required to testify to such matters, and his statements are hearsay for which no exception applies. |
| 82 | Canvas objects to the statements in this paragraph as wholly argumentative (FRE 611). Canvas highlights this paragraph as one of the more salient examples of the litany of arguments that Mr. Daly sets forth in his Supplemental Declaration. |
| 85 | Canvas objects to the following statement in this paragraph on the grounds that it lacks foundation (FRE 602).<br><br>- "This is not surprising to me since the California Canvas operates solely in the hospitality and wine industry and solely in California."<br><br>Mr. Daly does not have personal knowledge of the operation of Ms. Smith's CANVAS Job Board and, accordingly, lacks the personal knowledge required to testify to such matters. |

| 86 | Canvas objects to all of the statements in this paragraph on the grounds that they lack foundation (FRE 602) and constitute inadmissible hearsay (FRE 802). Mr. Daly offers testimony based not upon his personal knowledge of the subject matter, but rather based upon a website containing the written or oral assertions of another. Mr. Daly does not have personal knowledge of the operation of Ms. Smith's CANVAS Job Board or her other uses of the CANVAS mark. Accordingly, Mr. Daly lacks the personal knowledge required to testify to such matters, and his statements are hearsay for which no exception applies. |
|---|---|
| 87 | Canvas objects to all of the statements in this paragraph on the grounds that they lack foundation (FRE 602), constitute inadmissible hearsay (FRE 802), and are argumentative (FRE 611). Mr. Daly offers testimony based not upon his personal knowledge of the subject matter, but rather based upon a website containing the written or oral assertions of another. Mr. Daly does not have personal knowledge regarding the operation of Ms. Smith's CANVAS Job Board, including whether it is "limited geographically to California." Accordingly, Mr. Daly lacks the personal knowledge required to testify to such matters, and his statements are hearsay for which no exception applies. Further. Mr. Daly's statements are argumentative and improper for an evidentiary declaration. |
| 88 | Canvas objects to the statements in this paragraph as wholly argumentative (FRE 611). Canvas highlights this paragraph as one of the more salient examples of the litany of arguments that Mr. Daly sets forth in his Supplemental Declaration. |

| | |
|---|---|
| 90 | Canvas objects to all of the statements in this paragraph on the grounds that they lack foundation (FRE 602) and constitute inadmissible hearsay (FRE 802). Mr. Daly offers testimony based not upon his personal knowledge of the subject matter, but rather based upon a website containing the written or oral assertions of another. Mr. Daly does not have personal knowledge regarding the operation of Jobvite. Accordingly, Mr. Daly lacks the personal knowledge required to testify to such matters, and his statements are hearsay for which no exception applies. |

## II.     CONCLUSION

For the foregoing reasons, Canvas respectfully requests that the Court strike and not consider the objectionable evidence identified above.

Dated: September 24, 2021          Respectfully submitted,

*/s/ Peter J. Willsey*
Peter J. Willsey (*pro hac vice*)
Vincent J. Badolato (*pro hac vice*)
Jason M. Sobel (*pro hac vice*)
Stephanie P. Calnan (*pro hac vice*)
BROWN RUDNICK LLP
pwillsey@brownrudnick.com
vbadolato@brownrudnick.com
jsobel@brownrudnick.com
scalnan@brownrudnick.com


*/s/ Sterling A. Brennan*
Sterling A. Brennan (UT Bar No. 10060)
MASCHOFF BRENNAN GILMORE
ISRAELSEN & WRIGHT, PLLC
sbrennan@mabr.com


Attorneys for Defendant/Counterclaim-Plaintiff
CANVAS TECHNOLOGIES, INC.