Mark Miller (#9563)
Brett Foster (#6089)
Tamara L. Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
miller.mark@dorsey.com
foster.brett@dorsey.com
kapaloski.tammy@dorsey.com

Mike Keyes (*admitted pro hac vice*)
**DORSEY & WHITNEY LLP**
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7043
Telephone: (206) 903-8800
Facsimile: (206) 903-8820
keyes.mike@dorsey.com

*Attorneys for Plaintiff/Counterclaim-Defendant Instructure, Inc.*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **INSTRUCTURE, INC.**, a Delaware corporation,<br><br>Plaintiff/Counterclaim-Defendant,<br><br>vs.<br><br>**CANVAS TECHNOLOGIES, INC.**, a Delaware corporation, ,<br><br>Defendant/Counterclaim-Plaintiff. | **PLAINTIFF INSTRUCTURE INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS INSTRUCTURE'S CYBERSQUATTING CLAIM**<br><br>Civil No. 2:21-cv-00454-DAK-CMR<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

Pursuant to Federal Rule of Evidence 201, Plaintiff Instructure, Inc. ("Instructure") respectfully requests that, in connection with Instructure's Opposition to Defendant Canvas Technologies, Inc.'s ("Defendant") Rule 12(b)(6) Motion to Dismiss Instructure's Cybersquatting Claim, the Court take judicial notice of the following:

    1.    A true and correct copy of a domain report for Canvas.com, prepared on September

1

29, 2021 (the "Domain Report"). The Domain Report was obtained from www.domaintools.com. This attached as **Exhibit 1** hereto.

Courts may take judicial notice of facts that are "not subject to reasonable dispute," such as those that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Rule 201(d) provides that the court "may take judicial notice at any stage of the proceeding." Under Rule 201(c), a court "must take judicial notice if a party requests it and the court is supplied with the necessary information."

Instructure seeks judicial notice with respect to the Domain Report. The Domain Report includes publicly available WHOIS records that are available through standard Internet DNS and query protocols for the www.canvas.com domain, which is at issue in the instant litigation. In its Motion to Dismiss, Defendant requested the Court to take judicial notice of a limited snapshot of the canvas.com domain history. *See* ECF 31 at 3, n.3. This request asks the Court to take judicial notice of the entire registration history for the domain.

"It is not uncommon for courts to take judicial notice of factual information found on the world wide web." *O'Toole v. Northrop Grumman Corp*., 499 F.3d 1218, 1225 (10th Cir. 2007) (finding "district court abused its discretion by failing to take judicial notice of actual earnings history provided by Northrop Grumman on the internet as required by Rule 201(d)"). *See also Schaffer v. Clinton,* 240 F.3d 878, 885 n.8 (10th Cir. 2001) (taking judicial notice of information found in a political reference almanac and citing to the almanac's website); *Tal v. Hogan*, 543 F.3d 1244, 1264-65, n.24 (10th Cir. 2006) (Court may take "judicial notice of a Google map and satellite image as a source whose accuracy cannot be reasonably questioned"); *Marten Transp., Ltd. v. PlattForm Adver., Inc*., 2016 U.S. Dist. LEXIS 57471, at *10 (D. Kan. 2016) (the "Tenth Circuit

has sanctioned taking judicial notice of factual information on the internet"). Thus, courts have taken judicial notice of facts regarding the registration of a domain, including WHOIS records like those in the Domain Report. *See, e.g., S. Grouts & Mortars, Inc. v. 3M Co.*, 2008 U.S. Dist. LEXIS 70222, at *50 (S.D. Fla. 2008), *aff'd* 575 F.3d 1235 (11th Cir. 2009) (searching domain name registrations and taking "judicial notice that several of the domain names listed by SGM are either not registered to 3M, or have an obviously legitimate connection to 3M"); *Blanco GmbH + Co. KG v. Vlanco Indus., LLC*, 2014 U.S. Dist. LEXIS 187274, at *10 (S.D. Fla. 2014) (taking judicial notice of the "WHOIS record[s] for the domain name[s]").

Moreover, Defendant cannot dispute the accuracy of the Domain Report as Defendant requested the Court to take judicial notice of a limited snapshot of the canvas.com domain history in its Motion to Dismiss. *See* ECF 31 at 3, n.3.

For the reasons stated above, the Domain Report (Exhibit 1) may be considered by the Court in ruling on Instructure's Opposition to Defendant's Rule 12(b)(6) Motion to Dismiss. Instructure therefore respectfully requests that the Court grant this Request for Judicial Notice.

DATED this 1st day of October, 2021.  Dorsey & Whitney LLP

By: */s/ Tamara L. Kapaloski*
Mark Miller (#9563)
Brett Foster (#6089)
Mike Keyes (admitted pro hac vice)
Tamara L. Kapaloski (#13471)

*Attorneys for Plaintiff/Counterclaim-Defendant Instructure, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of October, 2021, a true and correct copy of the foregoing document was served on counsel of record via CM/ECF.

                                                                                     */s/ Tamara L. Kapaloski*