Sterling A. Brennan (UT Bar No. 10060)
sbrennan@mabr.com
MASCHOFF BRENNAN GILMORE
ISRAELSEN & WRIGHT, PLLC
111 South Main Street, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 297-1850

Peter J. Willsey (Admitted Pro Hac Vice)
pwillsey@brownrudnick.com
Vincent J. Badolato (Admitted Pro Hac Vice)
vbadolato@brownrudnick.com
BROWN RUDNICK LLP
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005
Telephone: (202) 536-1700

Jason M. Sobel (Admitted Pro Hac Vice)
jsobel@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800

Stephanie P. Calnan (Admitted Pro Hac Vice)
scalnan@brownrudnick.com
BROWN RUDNICK LLP
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200

Attorneys for Defendant/Counterclaim-Plaintiff
CANVAS TECHNOLOGIES, INC.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| INSTRUCTURE, INC., a Delaware corporation,<br><br>     Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>CANVAS TECHNOLOGIES, INC., a Delaware corporation,<br><br>     Defendant/Counterclaim-Plaintiff. | Civil No. 2:21-cv-00454-DAK-CMR<br><br>**CANVAS TECHNOLOGIES, INC.'S OPPOSITION TO INSTRUCTURE, INC.'S REQUEST FOR JUDICIAL NOTICE**<br><br>District Judge: Hon. Dale A. Kimball<br>Magistrate Judge: Hon. Cecelia M. Romero |

Defendant/Counterclaim-Plaintiff Canvas Technologies, Inc. ("Canvas") hereby submits this Opposition to Plaintiff/Counterclaim-Defendant Instructure, Inc.'s ("Instructure") Request for Judicial Notice (ECF No. 52).

1

Instructure asks the Court to take judicial notice "of a domain report for Canvas.com, prepared on September 29, 2021 (the "Domain Report")." ECF No. 52 at 1-2. Instructure represents that "[t]he Domain Report was obtained from www.domaintools.com" and "includes publicly available WHOIS records that are available through standard Internet DNS and query protocols for the www.canvas.com domain." *Id.* at 2. Instructure attempts to offer the Domain Report to establish that "both the registrar and the registrant of the canvas.com domain changed on April 1, 2021, just prior to the time that Defendant began operating the canvas.com domain." Opp. (ECF No. 51) at 17 (citing Exhibit 1 at 43 (alleging that "the March 15, 2021, record shows Corporate Domains, Inc. as registrar of the canvas.com domain and BHG as registrant") and at 41 (alleging that "the April 1, 2021, record shows GoDaddy.com as registrar and Domains by Proxy, LLC (Registration Private) as registrant")).

Importantly, the Court need not take judicial notice of this fact to decide Canvas's Motion to Dismiss. This issue of whether the domain name was re-registered or continuously registered is not germane to the issue before the Court. The issue is whether a cybersquatting claim requires that a mark be distinctive "at the time of registration" and not subsequent "re-registrations" even if the registrar or registrant changed. *See generally* Mot. (ECF No. 31); Reply.

Even assuming, *arguendo*, that the information subject to the judicial notice request was relevant to the instant motion, judicial notice of the information is not appropriate because it is subject to reasonable dispute. Specifically, Domains by Proxy, LLC ("Domains by Proxy") is "the Internet's very first Whois privacy service . . . born from consumer demand, since many Internet users didn't want their personal information available for everyone to see in the Whois directory."[1]

---

[1] DOMAINS BY PROXY, https://www.domainsbyproxy.com/ (last visited October 14, 2021). Pursuant to Fed. R. Evid. 201(b)(2), Canvas requests that the Court take judicial notice that Domains by Proxy is a privacy service for domain registration. *See, e.g., O'Toole v. Northrop*

In essence, owners of domain names list Domains by Proxy as their contact on the WHOIS database to avoid unsolicited contacts from third parties and to keep their contact information private. Further, as Instructure is well-aware given that it cited to this case and highlighted the following language in its Opposition, *see* ECF No. 51 at 8-9, the listed, formal "registrant" is not necessarily the person who registered the domain name for purposes of a cybersquatting claim. *See Montana Jewelry, Inc. v. Risis*, 2013 WL 1232324, at *4 (E.D.N.Y. Mar. 26, 2013) ("Regardless of whose name the domain name was formally registered under" allegations that individuals "had personal involvement and primary responsibility for creating the website, hosting and managing the website, and shutting down the website after Plaintiff desired to terminate the business relationship . . . lead to the reasonable inference that [they] applied for and presented the domain name to the internet registrar.").

Instructure argues that Canvas "cannot dispute the accuracy of the Domain Report as Defendant requested the Court to take judicial notice of a limited snapshot of the canvas.com domain history in its Motion to Dismiss." ECF No. 52 at 3. However, Canvas merely asked the Court to take judicial notice of the date of registration of the domain name, www.canvas.com, as reflected in the screenshots from ICANN. *See* ECF No. 31 at 2, n.3. Such a fact is not in dispute here, and was explicitly accepted by Instructure in its Opposition. *See* ECF No. 51 at p. 5 ("The domain history report shows an initial registration for canvas.com by BHG on June 6, 1997.").

Thus, it is inappropriate for Instructure to ask the Court to take judicial notice of a fact that is in dispute – i.e., that Domains by Proxy, rather than BHG, was the registrant of the canvas.com

---

*Grumman Corp.,* 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web."); *Schaffer v. Clinton,* 240 F.3d 878, 885 n.8 (10th Cir.2001) (taking judicial notice of information found in a political reference almanac and citing to the almanac's website).

domain name on April 1, 2021. *See* Fed. R. Evid. 201(b) ("[t]he court may judicially notice a fact that is not subject to reasonable dispute"). Further, the cases cited by Instructure were at different procedural postures than the instant case and, notably, were not at the motion to dismiss stage. *See S. Grouts & Mortars, Inc. v. 3M Co.,* No. 07-61388-CIV, 2008 WL 4346798, at *16 (S.D. Fla. Sept. 17, 2008), *aff'd*, 575 F.3d 1235 (11th Cir. 2009) (taking judicial notice at summary judgment stage); *Blanco GmbH + Co. KG v. Vlanco Indus., LLC*, No. 12-61580-CIV, 2014 WL 11531359, at *3 (S.D. Fla. Dec. 19, 2014), *report and recommendation adopted sub nom. Blanco GmbH + Co. KG v. Vlanco Indus., LLC*, No. 12-61580-CIV, 2015 WL 11142884 (S.D. Fla. Jan. 22, 2015) (taking judicial notice at the post-judgment motion stage, specifically a contempt motion).

Accordingly, Canvas requests that the Court not consider the Domain Report inappropriately offered by Instructure in its ruling on Canvas's 12(b)(6) Motion to Dismiss.

Dated: October 15, 2021                                  Respectfully submitted,

*/s/ Peter J. Willsey*
Peter J. Willsey (*pro hac vice*)
Vincent J. Badolato (*pro hac vice*)
Jason M. Sobel (*pro hac vice*)
Stephanie P. Calnan (*pro hac vice*)
BROWN RUDNICK LLP
pwillsey@brownrudnick.com
vbadolato@brownrudnick.com
jsobel@brownrudnick.com
scalnan@brownrudnick.com

Sterling A. Brennan (UT Bar No. 10060)
MASCHOFF BRENNAN GILMORE
ISRAELSEN & WRIGHT, PLLC
sbrennan@mabr.com


Attorneys for Defendant/Counterclaim-Plaintiff
CANVAS TECHNOLOGIES, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of October 2021, a true and correct copy of the foregoing document was served on counsel of record via CM/ECF.

*/s/ Sterling A. Brennan*
Sterling A. Brennan