Mark Miller (#9563)
Brett Foster (#6089)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile:  (801) 933-7373
miller.mark@dorsey.com
foster.brett@dorsey.com
kapaloski.tammy@dorsey.com

Mike Keyes (*admitted pro hac vice*)
**DORSEY & WHITNEY LLP**
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7043
Telephone: (206) 903-8800
Facsimile: (206) 903-8820
keyes.mike@dorsey.com

*Attorneys for Plaintiff/Counterclaim Defendant Instructure, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **INSTRUCTURE, INC.**, a Delaware corporation,<br><br>Plaintiff/Counterclaim-Defendant,<br><br>vs.<br><br>**CANVAS TECHNOLOGIES, INC.**, a Delaware corporation, ,<br><br>Defendant/Counterclaim-Plaintiff. | **PLAINTIFF'S NOTICE OF SUPPLEMENTAL EVIDENCE RELEVANT TO PLAINTIFF'S PRELIMINARY INJUNCTION MOTION**<br><br>Civil No. 2:21-cv-00454-DAK-CMR<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

Plaintiff/Counterclaim-Defendant Instructure, Inc. ("Instructure"), by and through counsel, hereby provides notice of supplemental evidence that did not exist until after all pleadings related to Instructure's preliminary injunction motion had been filed. Instructure filed its preliminary injunction motion on August 17, 2021, as ECF 13. Instructure filed its reply in support of its preliminary injunction motion on September 17, 2021, as ECF 38.

1

The supplemental evidence consists of consumer comments posted on social media on October 12, 2021, evidencing consumer confusion between Instructure's use of its CANVAS marks and Defendant Canvas Technologies, Inc.'s rebrand to CANVAS. In these consumer comments, attached hereto as Exhibit 1, one consumer states that Canvas Technologies, Inc. "need[s] a name change! I keep getting confused between Canvas for your diversity needs and Canvas for your instructors/educational needs." In response, another consumer stated: "100% - everyone I discussed this with in the space said the same thing. Why would you rename your company with a name that already has traction in the Edtech space. So dumb." *See* Exhibit 1 at 1. This supplemental evidence is relevant to the argument on page 16 of Instructure's preliminary injunction motion regarding evidence of confusion, among other things. *See* ECF 13 at 16.

DATED this 16th day of November, 2021.

          DORSEY & WHITNEY LLP

          /s/ *Tamara L. Kapaloski*
          Mark Miller (#9563)
          Brett Foster (#6089)
          Mike Keyes (*admitted pro hac vice*)
          Tamara L. Kapaloski (#13471)

          *Attorneys for Plaintiff/Counterclaim-Defendant Instructure, Inc.*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of November, 2021, a true and correct copy of the foregoing document was served on counsel of record via the Court's ECF system:

Sterling A. Brennan: sbrennan@mabr.com
Charles J. Veverka: cveverka@mabr.com
Peter J. Willsey: pwillsey@brownrudnick.com
Vincent J. Badolato: vbadolato@brownrudnick.com
Jason M. Sobel: jsobel@brownrudnick.com
Stephanie P. Calnan: scalnan@brownrudnick.com

/s/ Tamara L. Kapaloski