## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| INSTRUCTURE, INC.,<br>a Delaware corporation,<br><br>               Plaintiff/<br>               Counterclaim-Defendant,<br><br>   v.<br><br><br>CANVAS TECHNOLOGIES, INC.,<br>a Delaware corporation,<br><br>               Defendant/<br>               Counterclaim-Plaintiff. | Civil No. 2:21-cv-00454-DAK-CMR<br><br><br>**DECLARATION OF ADAM GEFKOVICZ IN SUPPORT OF CANVAS TECHNOLOGIES, INC.'S EMERGENCY MOTION TO STAY ENFORCEMENT OF PRELIMINARY INJUNCTION**<br><br>District Judge: Hon. Dale A. Kimball<br>Magistrate Judge: Hon. Cecelia M. Romero |

I, Adam Gefkovicz, declare as follows:

1.      I am a Co-Founder and currently Co-Chief Executive Officer of Canvas Technologies, Inc. ("Canvas"), the Defendant/Counterclaim-Plaintiff in the above-captioned matter. I submit this declaration in support of Canvas's Emergency Motion to Stay Enforcement of the Court's Preliminary Injunction to explain the extreme and serious irreparable injury to Canvas that will result absent a temporary stay of enforcement of the preliminary injunction.

2.      Canvas was founded in 2017 under the name Jumpstart Ventures, Inc. ("Jumpstart") as a recruiting platform created to help companies hire diverse, early-in-career teams.

3.      Canvas's online cloud-based platform permits companies to hire diverse teams from Canvas's talent pool with insight and transparency into the diversity of applicants in the hiring process and also allows prospective employees to search for employment opportunities. Canvas's customers are employers seeking to fill job positions and candidates seeking employment. Our customers access our services through Canvas's website at www.canvas.com or

DocuSign Envelope ID: A9430447-5B8D-4493-86A7-803F0B9D7CC0

through its mobile App, which is available for both Android and iOS (Apple) devices on app stores for the respective devices ("App Stores").

4.      At all times since its inception, Canvas has been an online business and interacts with, and delivers its services to, its customers over the internet. As such, our customers locate Canvas by searching for our name "Canvas" in search engines such as Google, going directly to or searching for our website at www.canvas.com, or searching App Stores for the name "Canvas."

5.      As a consequence of Canvas's business being exclusively transacted over the internet, using the domain name www.canvas.com and searching for the brand "CANVAS" are the primary means by which our customers—employment candidates and employers— are able to locate Canvas's services.

6.      The Court's preliminary injunction requires us to disable our website at www.canvas.com and remove the use of "CANVAS" from the internet within fifteen days of the Court's order, a period so short that it would subject Canvas to extreme and serious irreparable harm. Hypothetically speaking, if we had a storefront and we were ordered to change our branding within a 15-day time period, that might still be extremely challenging and burdensome, but if that was the case, at least our customers could find us because we would remain in the same physical location. However, because of the online nature of our business, if the Court's preliminary injunction is not stayed, our customers will immediately lose the ability to access our services. Thus, companies who are looking to hire diverse employees and job candidates seeking employment may not be able to access our services.

7.      At present, Canvas's customer base includes about 500,000 candidates seeking employment opportunities, about 100,000 of which have been actively looking for jobs within the quarter ending 10/31/2021. Canvas's customers also include about 200 companies, which

DocuSign Envelope ID: A9430447-5B8D-4493-86A7-803E9B9D7CC0

collectively are recruiting to fill about 5,200 currently available jobs. The Court's enforcement of the injunction within 15 days of the entry of its Order would cause an immediate disruption to both individuals seeking jobs and companies seeking to fill employment positions.

8.      Canvas has recent experience with how long it takes to reasonably complete a rebranding of our business on an aggressively short timeframe without interrupting services for employers and job candidates because we recently underwent a rebrand from "JUMPSTART" to "CANVAS" in the first half of 2021.

9.      We began that rebranding process on or about the beginning of January 2021, which among other things entailed launching a new website and a new mobile App, and educating consumers via extensive marketing including new social media pages on Twitter, Instagram, TikTok, and Linkedin. We were able to launch the new website, new mobile App, and new social media pages in late May 2021, with the work to troubleshoot and convert remaining parts of our Website and mobile App continuing into mid-June 2021. We were advised by our branding consultants at the time that this was an aggressively fast time frame.

10.     Also, during that rebrand, we had resources in place that we do not presently have, including a software engineer who was highly specialized and expert in iOS and Android mobile App development and deployment; a large marketing team; and external branding and marketing consultants. None of those aforementioned resources are currently available to us as they were when we rebranded last year.

11.     In order to comply with the court's preliminary injunction, Canvas would have to, among other things, (i) select and implement an entirely new brand, (ii) select and acquire a new domain name related to that brand, (iii) reconfigure our entire software platform, including both the website-based platform and the mobile App-based platform (for iOS and Android), to replace

DocuSign Envelope ID: A9430447-5B8D-4493-96A7-803F0B9D7CC0

the CANVAS brand name on countless user interfaces. Consequently, forcing Canvas to complete an entire rebrand within 15 days is not feasible without interrupting services for people seeking jobs and employers hiring candidates.

12.     "CANVAS" is both our company name and house brand rather than just the name of a discrete product or service of the company. Canvas would be immediately stripped of its identity once the preliminary injunction is enforced.

13.     Reverting back to the "JUMPSTART" brand would not lessen the burden or harm to Canvas because when the company was operating under that brand name it was servicing early-in-career candidates. The rebranding to "CANVAS" was triggered by a shift in the Company's focus to service a much larger employment market, including recruiting of candidates that have already established themselves in their careers. Canvas's transition to the "CANVAS" brand was communicated contemporaneously with educating consumers about the company's shift in focus to a broader base of candidates. A reversion back to the brand name "JUMPSTART" would cause consumer confusion and hence is more difficult than transitioning to wholly new brand name.

14.     If the Court enforces the preliminary injunction before the outcome of Canvas's appeal of the preliminary injunction, Canvas's appeal would effectively be mooted because if Canvas is forced to rebrand once, it cannot revert back to the "CANVAS" were it to succeed on appeal. This is because of the nature of the employment market, which is highly competitive and allows consumers to find similar job placement and employment recruiting services with ease. Continuity of service offering is an important factor to consumer decisions, particularly employers. Rebranding away from "CANVAS" and then reverting back if we are successful on appeal sends a message of lack of business continuity and would harm customer goodwill, causing Canvas to lose existing and potential customers. I believe such a course would put the company at grave

business risk. For these reasons, Canvas's appellate rights have no effect unless the Court's preliminary injunction is stayed pending the appeal.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

1/7/2022

Dated: January ___, 2022

DocuSigned by:

Adam Gefkovicz

F03DC41E3A2945C...

Adam Gefkovicz