Mark Miller (#9563)
Brett Foster (#6089)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile:  (801) 933-7373
miller.mark@dorsey.com
foster.brett@dorsey.com
kapaloski.tammy@dorsey.com

Mike Keyes (*admitted pro hac vice*)
**DORSEY & WHITNEY LLP**
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7043
Telephone: (206) 903-8800
Facsimile: (206) 903-8820
keyes.mike@dorsey.com

*Attorneys for Plaintiff/Counterclaim Defendant Instructure, Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **INSTRUCTURE, INC.**, a Delaware corporation,<br><br>Plaintiff/Counterclaim-Defendant,<br><br>vs.<br><br>**CANVAS TECHNOLOGIES, INC.**, a Delaware corporation, ,<br><br>Defendant/Counterclaim-Plaintiff. | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S EMERGENCY MOTION TO STAY ENTRY OF THE PRELIMINARY INJUNCTION PENDING APPEAL**<br><br>Civil No. 2:21-cv-00454-DAK-CMR<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

Plaintiff Instructure, Inc. ("Instructure") respectfully submits this response in opposition to the motion to stay entry of the preliminary injunction pending appeal (the "Motion", ECF No. 79) filed by Defendant Canvas Technologies, Inc. ("Defendant") on January 7, 2022.

I.  **<u>Standard Governing Stays of Injunctions Pending Appeal</u>**

A stay of a preliminary injunction ("PI") is a rarely granted exception to the default rule that preliminary injunctions "are not stayed after being entered." Fed. R. Civ. P. 62(c). "A stay is an intrusion into the ordinary process of administration and judicial review," and accordingly "is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken v. Holder*, 556 U.S. 418, 433 (2009). Rather, it is subject to judicial discretion, and the "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id. See also KSTU, LLC v. Aero, Inc.*, 2014 WL 1687749, at *1 (10th Cir. 2014) (same). Appropriately, the party seeking a Rule 62(c) stay "has a heavy burden." *Pueblo of Pojoaque v. New Mexico*, 233 F. Supp. 3d 1021, 1117 (D.N.M. 2017). *See also First Sav. Bank, F.S.B. v. First Bank Sys.*, 163 F.R.D. 612, 615 (D. Kan. 1995) ("Because the burden of meeting this standard is a heavy one, more commonly stay requests will not meet this standard and will be denied."). "The decision to grant a stay must not be entered into lightly." *Colorado Cross-Disability Coal. v. Abercrombie & Fitch Co.*, 2013 WL 6050011 at *1 (D. Colo. 2013). "Such extraordinary relief should only be granted where movants have demonstrated 'a clear and unequivocal right to relief.'" *Trout Unlimited Colo. v. Water Supply and Storage Co.*, 2005 WL 2141465, at * 1 (D. Colo. 2005) (citation omitted).

In deciding whether to stay an order under Rule 62(c), a court considers: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken,* 556 U.S. at 433. *See also KSTU*, 2014 WL 1687749, at *1 (same). "The first two

factors . . . are the most critical." *Nken*, 556 U.S. at 434. "It is not enough that the chance of success on the merits be better than negligible." *Id*. (cleaned up). "[M]ore than a mere possibility of relief is required." *Id*. "By the same token, simply showing some possibility of irreparable injury fails to satisfy the second factor." *Id*. at 434-35 (cleaned up). Because Defendant cannot satisfy *any* of the factors, its Motion should be denied.

**II. Defendant Has Not Demonstrated Any Likelihood of Success.**

The first "critical" factor, *Nken*, 556 U.S. at 434, is whether Defendant has made a "strong showing" of likelihood of success on appeal, *KSTU*, 2014 WL 1687749, at *1. A PI can be set aside only if Defendant shows "an abuse of discretion, an error of law, or clearly erroneous factual findings." *O Centro Espirita Beneficiente v. Ashcroft*, 314 F.3d 463, 465 (10th Cir. 2002). Defendant likely recognizes it has no chance of making such a showing under *any* standard, much less the abuse of discretion and clear error standards that apply here. As a result, Defendant hopes to duck its burden by relying on law that is no longer applicable. Specifically, Defendant contends that if it can show "sufficiently serious" harm, then a "relaxed" standard applies to the first factor such that that showing only "serious issues going to the merits," or a "*fair chance* of success" will suffice. Motion at 3, 7-8 (emphasis in original). Defendant is wrong.

The "relaxed" standard on which Defendant bases its Motion has been abrogated. In *Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1282 (10th Cir. 2016), the Tenth Circuit held that "any modified test which relaxes one of the prongs [of the preliminary injunction standard] and thus deviates from the standard test is impermissible." The standards for a PI and a stay of a PI "differ primarily in the sense that a PI requires that the balance of equities favor the moving party, whereas a stay pending appeal requires no such balancing." *Pueblo*, 233

2

F. Supp. 3d at 1114 (citations omitted). Not surprisingly, courts in the Tenth Circuit, including this one, have interpreted *Diné Citizens* as also "apply[ing] to a stay pending appeal," *Bd. of Cty. Comm'rs v. Suncor Energy*, 423 F. Supp. 3d 1066, 1072 (D. Colo. 2019), such that "the relaxed likelihood-of-success test is likely abrogated with respect to both injunctions and stays pending appeal," *Aposhian v. Barr*, 2019 WL 8195243, *1 (D. Utah 2019).[1] *See also Grogan v. Renfrow*, 2019 WL 2764404, *4 (N.D. Okla. 2019) ("The impermissibility of relaxing one of the factors or prongs applies with equal force to the requirements for a stay pending appeal.").

In short, Defendant cannot rely on the relaxed standard, but instead must meet the "heavy burden" of showing that the Court's Order "was erroneous on the merits." *Pueblo,* 233 F. Supp. 3d at 1114. "The strength of [Defendant's] showing of the other factors required for a stay does not diminish this required strong showing of success." *Id*. at 1117. Rather, the first factor remains "critical" to the analysis, and Defendant cannot obtain a stay <u>unless it shows a strong likelihood of success</u>. *See Denver Bible Church v. Azar*, 2020 WL 8184655, at *2 (D. Colo.

---

[1] *See also Nation v. San Juan County*, 2018 WL 10582123, *2 (D. Utah 2018) ("it appears likely that the relaxed standard is no longer appropriate in this Circuit for motions to stay pending appeals"); *Blue Valley Hosp. v. Azar*, 2018 WL 2986686, at *3 (D. Kan. 2018) ("the Tenth Circuit no longer applies a 'modified test' [to] . . . preliminary injunctive relief, and courts have concluded the test is likely abrogated with respect to . . . stays pending appeal"); *Pueblo*, 233 F. Supp. 3d at 1093 ("The Tenth Circuit's abrogation of the relaxed likelihood-of-success test in the injunction context likely applies with equal force to the stay-pending-appeal context."). This makes sense because "although the factors considered for granting a PI and issuing a stay are the same, it is more difficult to establish likelihood of success for a stay, because of the difference in procedural posture, *i.e.*, a party seeking a stay must show likelihood of reversal, not just a possibility of success on the merits." *Id*. at 1116 (citation omitted). *See also Bailey v. Callaghan*, 2012 WL 3134338, at *2 (E.D. Mich. 2012) ("A higher burden is required in demonstrating the appropriateness of a motion to stay" than for a PI). Thus, "[w]hen considering success on the merits and irreparable harm, courts cannot dispense with the required showing of one simply because there is a strong likelihood of the other." *Pueblo,* 233 F. Supp. 3d at 1114.

2020) (denying stay of injunction pending appeal because defendant failed to make required showing on the "critical" merits factor); *Chevron Corp. v. Weinberg Group*, 2011 WL 5402420, *1 (D.D.C. 2011) (rejecting the argument that "once the court has determined that the movant does not have any likelihood of success on the merits, there is somehow still room for the Court to grant the motion"). If the likelihood of success on appeal does not weigh in Defendant's favor, then Defendant "cannot establish all four required factors and therefore the motion for stay should be denied." *Grogan*, 2019 WL 2764404, at *4. That is the case here.

In its merits argument, Defendant merely rehashes the arguments made in opposing Instructure's PI Motion. *See* Motion at 8-10 (referencing Defendant's PI briefing). But the standard for a stay cannot be met where the movant simply "restate[s] the same arguments" that have already been considered and rejected. *S.E.C. v. PROS Int'l, Inc.*, 1991 WL 72816, at *1 (D. Utah 1991). This Court thoroughly addressed and rejected Defendant's arguments in a detailed 42-page Order. ECF 74. Defendant's "rehashing of their previous arguments does not establish more than a mere possibility of success on the merits." *Bailey*, 2012 WL 3134338, at *2.[2] Even if Defendant's arguments weren't just recycled from its unsuccessful PI briefing, they still fail on their merits, as Instructure will show during the appeal of the PI.[3]

---

[2] *See also South Carolina v. United States*, 2018 WL 3120647, at *2 (D.S.C. 2018) (stay should be denied when movants' "arguments in favor of the stay mirror their arguments against the issuance of the Injunction"); *Karaha Bodas Co. v. Perusahaan Pertambangan*, 264 F. Supp. 2d 484, 486 (S.D. Tex. 2002) (denying motion to stay that "raises the same arguments that the Court considered and rejected in deciding to grant a preliminary injunction"); *Novartis Consumer Health, Inc. v. J&J-Merck Consumer Pharms.*, 2001 WL 493266, at *1 (D.N.J. 2001) (where defendant raises "essentially the same arguments as those previously presented to the Court," granting the stay motion would "effectively be a reconsideration and reversal" of the PI).

[3] As just one example, Defendant argues, without citing any supporting authority, that it was Instructure's burden to prove that Ms. Smith's rights were not nationwide. Motion at 10. But it clearly was *Defendant's* burden to prove its prior use defense, not Instructure's burden to *disprove*

### III. Defendant Cannot Show It Will Suffer Irreparable Injury Absent A Stay.

Defendant points to three alleged harms that it contends justify a stay. The first two, however, are entirely self-inflicted and exaggerated. The third alleged harm—that absent a stay Defendant's right to appeal will be moot—is not a basis for granting a stay in this context.

*First*, Defendant claims that its business will suffer irreparable injury during appeal because "it will have already been forced to rebrand from the CANVAS mark." Motion at 3, 5. But, this argument does "nothing more than state the dilemma of all persons who appeal a preliminary injunction" in the trademark context. *ADT LLC v. Alarm Prot. Tech. Fla.*, 2013 WL 11276120 (S.D. Fla. 2013), at *2 (denying motion to stay). In any event, Defendant has already rebranded once, from Jumpstart to Instructure's CANVAS mark, which change did not devastate Defendant's business. ECF 28. Defendant's claim that it needs six months to rebrand, the same length of time it took for its rebrand to CANVAS (Motion at 4), is exaggerated. As Defendant's executives conceded in contemporaneous announcements, the rebrand to CANVAS took six months because it involved much more than a trademark change.[4] Defendant's allegations of harm

---

it. *See, e.g.*, *Tally-Ho, Inc. v. Coast Cmty. College Dist.*, 889 F.2d 1018, 1024-1025 (11th Cir. 1989) ("In establishing prior use, the defendant has essentially the same burden as the plaintiff [in its infringement claim]: to prove that its competing use of the contested mark pre-dates the competitor's use."). Regardless, Instructure identified evidence of record proving that Defendant was unlikely to meet this burden at trial, and the Court found that Instructure had priority regardless of whether Ms. Smith's rights were nationwide. ECF 74 at 20-21 ("Instructure has prior rights in its common law trademark because Instructure started its Canvas ePortfolio service first in July of 2010, and Ms. Smith started operating her job board in July of 2013.").

[4] *See* ECF 14-21 at 2 (Defendant's former CEO, said "over the last six months, we've been working on a big rebrand, whilst changing our name, changing our mission, our vision, our values, and everything else that goes with it"); ECF 14-23 at 6 (Defendant's VP of Marketing said "[w]e worked [on the rebrand to CANVAS] with a wonderful agency, their name is Pentagram. And it took about six months to go from Jumpstart to a fully designed executed website. But we only started really working on the day-to-day execution about a month and a half or two months before

here are premised on the idea of once again adopting a completely new brand, but unlike Defendant's previous rebrand the PI does not require a complete change in mission, visuals, values, etc. from end-to-end, and it will not require a redesigned website. Instead, all that is required is a name change. Defendant can easily revert to the website and infrastructure it already owns under the JUMSTART brand under which Defendant operated for over 4 years, none of which will require six months. It is not uncommon for a court to grant a PI requiring the removal of all instances of an infringing mark within 15 days. *ADT*, 2013 WL 11276120, at *1 (requiring removal of all uses of the mark within 14 days of the PI). As for Defendant's conclusory assertions about why it does not want to revert to JUMPSTART, they are no more compelling. ECF 80 at ¶13.

*Second*, Defendant claims that its customers will suffer extreme harm absent a stay because their job searches will be disrupted. Motion at 4. Again, this harm is exaggerated if not entirely fabricated, as demonstrated by Defendant's recent rebrand to Instructure's CANVAS mark. At the time of Defendant's adoption of CANVAS, it had 100,000 candidates on its platform (ECF 14-18 at 2), located at www.jumpstart.me (ECF 14-24 at 1). As part of the rebrand process, the jumpstart.me domain was automatically redirected to canvas.com (ECF 14 at ¶64) without requiring any action on the part of Defendant's 100,000 users. In fact, to this day the www.jumpstart.me domain is still used by Defendant to automatically redirect users to www.canvas.com. To comply with the PI here, Defendant can again simply use the www.jumpstart.me domain itself without redirecting the users. Likewise, Defendant can announce the new rebrand in the same way that it announced the CANVAS rebrand to its users: through a

---

launch. . . . [We] completely change[d] our brand from end to end."); ECF 14-24 at 6 (Defendant's co-CEO, conceded the rebrand was "more than just a change in our company name").

6

post on its platform, which had been automatically redirected to canvas.com. ECF 14-25. As Defendant's VP of Marketing stated, the rebrand to CANVAS "was fairly easy . . . on the marketing side." ECF 14-23 at 4. The only evidence regarding the views of Defendant's users are statements expressing disappointment and confusion in Defendant's use of CANVAS, indicating they will be pleased, not harmed, by Defendant stopping its use of CANVAS. ECF 14 at 31-33; ECF 66-1. Defendant's exaggerated claims of harm do not warrant a stay.

*Third*, Defendant claims that absent a stay it will be irreparably harmed because its right to appeal will be moot. Motion at 4-5. According to Defendant, "[c]ourts routinely find that mootness of an appeal constitutes irreparable harm." *Id*. But, none of the five cases that Defendant cites actually found irreparable harm based on mootness of the appeal.[5] On the contrary, those cases note that "several courts . . . have held that the fact that an appeal may be rendered moot without a stay does not itself constitute irreparable harm." *In re Sunflower Racing, Inc*., 225 B.R. 225, 228 (D. Kan. 1998) (citing cases). *See also Gila River Indian Cmty v. U.S*., 2011 WL 1656486 (D. Ariz. 2011) ("cases have found that the risk that an appeal may become moot does not, standing alone, constitute irreparable harm") (citing cases). Of the cases that Defendant cites, only *In re*

---

[5] In fact, *all* of the cases denied the motion to stay: *Am. Contrs. Indem. Co. v. Bigelow*, 2011 U.S. Dist. LEXIS 162505 (D. Ariz. 2011) (denying motion to stay order requiring specific performance of contract and rejecting argument that appeal would be moot absent appeal); *In re Sunflower*, 225 B.R. 225 (D. Kan. 1998) (denying motion to stay bankruptcy proceedings and rejecting argument that appeal would be moot absent stay); *Kalani v. Starbucks*, 2016 WL 693251 (N.D. Cal. 2016) (denying motion to stay injunction requiring compliance with ADA and rejecting argument that appeal would be moot absent stay); *Artukovic v. Rison*, 784 F.2d 1354 (9th Cir. 1986) (denying motion to stay extradition order and rejecting argument that appeal would be moot absent stay); *Stop H-3 v. Volpe*, 353 F. Supp. 14 (D. Haw. 1972) (denying motion to stay injunction prohibiting highway expenditures until approval of an environmental impact statement and rejecting argument that appeal would be moot absent stay).

4860-7569-2297\1

*Sunflower* is within the Tenth Circuit, and Defendant badly misrepresents that case as granting a stay and "finding irreparable harm based on likelihood that appeal mooted absent stay." Motion at 5. That is not true. *In re Sunflower* <u>denied the motion to stay and rejected the argument that the appeal would be moot absent a stay</u>. 225 B.R. at 228.

    *Finally*, none of the cases Defendant cites are trademark infringement cases, and all of them conclude that mootness of an appeal **did not** constitute irreparable harm. *See supra*, n.5. Cases that actually address PIs based on trademark infringement consistently reject Defendant's argument. For example, in *SunAmerica Corp. v. Sun Life Assur. Co.*, 77 F.3d 1325 (11th Cir. 1996), the defendant moved to stay a PI requiring it to stop using the plaintiff's mark based on that same argument Defendant argues here—that compliance with the PI would render the appeal moot because, "as a matter of commercial practicality," once it implemented the name change, "it cannot reverse it." *Id*. at 1331. The district court rejected this argument and denied the motion to stay. *Id*. at 1332. Noting with approval that "the district court was not fooled" by the mootness argument, the 11th Circuit held that the case did not become moot when defendant "complied with the district court's injunction by changing [its] name," because the court "could still grant meaningful relief to defendant if it were to prevail on the appeal." *Id*. at 1333.[6]

    Similarly, in *ADT LLC v. Alarm Prot. Tech. Fla*., 2013 WL 11276120, at *1 the court entered a PI requiring the defendants to remove all uses of their APT mark within 14 days. The defendants claimed they would be irreparably harmed by compliance with the PI because it would

---

[6] The 11th Circuit also cautioned that "[a]ll future parties and their counsel are on notice that if they make factual representations in the district court or in this Court that denial of a stay will moot the appeal, they may be estopped from arguing after the stay is denied that the appeal is not moot." *Id*. at 1332.

moot the appeal. *Id*. at *2. Finding that "[t]here is no question but that defendants are capable of reintroducing their APT trademark if their appeal is successful," the court denied the motion to stay. *Id*. *See also Novartis*, 2001 WL 493266, at *1 (denying stay despite argument that "it would be commercially unfeasible for it ever to return to the original name" if it prevailed on appeal).

Denying a stay here will not moot Defendant's appeal for the same reasons: the Court could grant *some* form of meaningful relief, and Defendant would be able to reintroduce its CANVAS mark if it succeeds on appeal. *See SunAmerica*, 77 F.3d at 1333 ("A case does not become moot simply because an appellate court is unable completely to restore the parties to the status quo ante. The ability of the appellate court to effectuate a partial remedy is sufficient to prevent mootness."). Regardless, preserving the status quo favors enforcement of the PI here, because "the status quo is the *last uncontested status* between the parties," *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1155 (10th Cir. 2001) (emphasis added), which means the circumstances *before* Defendant rebranded to CANVAS. "[E]ven if the court assumes that the potential mootness of the appeal alone constitutes irreparable harm," which would be error, Defendant's Motion should still be denied because Defendant has "not shown a likelihood of success on the merits of the appeal." *In re Sunflower*, 225 B.B.R. at 228, n.2 (denying stay).

Because Defendant cannot meet its heavy burden on the "critical" merits and irreparable harm factors, the Motion fails and the Court need not consider the remaining factors. Regardless, Defendant cannot meet its burden on those factors either.

### IV. Instructure Will Suffer Irreparable Harm if Defendant is Not Enjoined.

Defendant incorrectly claims that the Court found irreparable harm to Instructure based only "on the presumption afforded by the Trademark Modernization Act." Motion at 5. Again,

9

Defendant is wrong. To the contrary, the Court found that "[t]o allow [Defendant] to trade off of the goodwill and reputation that Instructure built would be a significant harm to Instructure." ECF 74 at 29. Defendant's remaining arguments against irreparable harm to Instructure are simply recycled from its PI briefing. Motion at 6. The Court already considered and rejected these arguments, and should do so again here. ECF 74 at 29 (finding "significant harm" to Instructure); *id*. at 28 (rejecting argument as to Instructure's enforcement efforts against Jobvite, Colby Smith).

V. **The Public Interest Supports a Denial of the Motion.**

Defendant argues that staying the PI will serve the public interest because it will (1) "prevent[] the disruption of ongoing job searches" and (2) "preserv[e] the integrity of the right to appellate review." Motion at 6-7. But, as shown above, Defendant's claim of job search disruption is exaggerated and Defendant's right to an appeal will not be mooted. In any event, "in a trademark case," the public interest "is most often a synonym for the right of the public not to be deceived or confused" by use of an infringing mark. *Digital Satellite Connections, LLC v. Dish Network Corp.*, 2017 U.S. Dist. LEXIS 215776, at *12 (D. Col. Mar. 23, 2017). As the Court already found, the PI serves the public interest here. ECF 74 at 28-29.

## CONCLUSION

For these reasons, Instructure respectfully requests that the Court deny Defendant's motion to stay entry of the PI during pendency of its appeal or while it waits for a ruling on its anticipated motion for an emergency stay to be filed with the Tenth Circuit.

DATED this 18th day of January, 2022.

DORSEY & WHITNEY LLP

/s/ *Mark A. Miller*
Mark Miller (#9563)
Brett Foster (#6089)
Mike Keyes (*admitted pro hac vice*)
Tamara L. Kapaloski (#13471)

*Attorneys for Plaintiff/Counterclaim-Defendant Instructure, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of January, 2022, a true and correct copy of the foregoing document was served on counsel of record via the Court's ECF system:

Sterling A. Brennan: sbrennan@mabr.com
Charles J. Veverka: cveverka@mabr.com
Peter J. Willsey: pwillsey@brownrudnick.com
Vincent J. Badolato: vbadolato@brownrudnick.com
Jason M. Sobel: jsobel@brownrudnick.com
Stephanie P. Calnan: scalnan@brownrudnick.com

*/s/ Vanessa Thompson*

4860-7569-2297\1