Sterling A. Brennan (UT Bar No. 10060)
sbrennan@mabr.com
MASCHOFF BRENNAN GILMORE &
ISRAELSEN, PLLC
111 South Main Street, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 297-1850

Peter J. Willsey (Admitted Pro Hac Vice)
pwillsey@brownrudnick.com
Vincent J. Badolato (Admitted Pro Hac Vice)
vbadolato@brownrudnick.com
BROWN RUDNICK LLP
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005
Telephone: (202) 536-1700

Jason M. Sobel (Admitted Pro Hac Vice)
jsobel@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800

Stephanie P. Calnan (Admitted Pro Hac Vice)
scalnan@brownrudnick.com
BROWN RUDNICK LLP
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200

Attorneys for Defendant/Counterclaim-Plaintiff
CANVAS TECHNOLOGIES, INC.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| INSTRUCTURE, INC., a Delaware corporation,<br><br>          Plaintiff/<br>          Counterclaim-Defendant,<br><br>v.<br><br>CANVAS TECHNOLOGIES, INC., a Delaware corporation,<br><br>          Defendant/<br>          Counterclaim-Plaintiff. | Civil No. 2:21-cv-00454-DAK-CMR<br><br>**CANVAS TECHNOLOGIES, INC.'S MOTION TO EXPEDITE EMERGENCY MOTION TO STAY ENFORCEMENT OF PRELIMINARY INJUNCTION PENDING APPEAL**<br><br>District Judge: Hon. Dale A. Kimball<br>Magistrate Judge: Hon. Cecelia M. Romero |

Defendant Canvas Technologies, Inc. ("Canvas") respectfully requests that this Court expedite resolution of Canvas's Emergency Motion to Stay Entry of Preliminary Injunction Pending Appeal ("Emergency Motion") (ECF No. 79). Specifically, Canvas requests that this Court rule upon Canvas's Emergency Motion as soon as possible, and in any event prior to the deadline to comply with the preliminary injunction in this matter, which is currently set for tomorrow, January 20, 2022, or in the alternative, for the Court to postpone the Order's compliance date to afford time to resolve the Emergency Motion.

**I.  ARGUMENT**

On January 5, 2022, this Court entered an Order granting Instructure's request for a preliminary injunction enjoining Canvas from using the CANVAS mark 15 days after entry of the Order – i.e., on January 20, 2022. (ECF No. 74). The next day, on January 6, 2022, Canvas filed a Notice of Appeal (ECF No. 75) and the following day, on January 7, 2022, Canvas filed the Emergency Motion. In its Emergency Motion, Canvas asked the Court to stay entry of the preliminary injunction pending Canvas's appeal to the United States Court of Appeals for the Tenth Circuit or, in the alternative, to stay the entry of the preliminary injunction pending the Tenth Circuit's decision on a motion to stay under Fed R. App. P. 8.

Prompt resolution of Canvas's Emergency Motion is critical because of the significant and irreparable harm that the effect of the preliminary injunction would cause to Canvas and thousands of job-seeking members of the public and companies looking to fill job vacancies. As detailed in Canvas's Emergency Motion, a preliminary injunction, even if only for the time period pending a determination of the appeal, would significantly disrupt Canvas's operations, jeopardize its contractual and customer relationships, and undermine the substantial investments it made in the launch of the CANVAS brand (which is not merely a brand used for one particular product or service, but instead serves as Canvas's house mark and overall identity). Significantly, without a

stay, Canvas's constitutional due process right to appeal will be effectively denied by forcing Canvas to rebrand prior to resolution of its appeal because Canvas could not rebrand again if its appeal is successful without grave injury to its business. This outcome alone constitutes irreparable harm to Canvas and warrants a stay.

These issues merit thorough vetting and resolution on appeal, and when coupled with the significant harm to Canvas from imposition of the preliminary injunction and the lack of any harm whatsoever to Instructure from staying the preliminary injunction, a stay of the preliminary injunction is justified here.

## II. CONCLUSION

For the foregoing reasons, Canvas respectfully requests that the Court rule upon Canvas's Emergency Motion as soon as possible, and in any event prior to tomorrow's deadline for compliance with the preliminary injunction. Due to the immediate nature of the date for compliance of the injunction, Canvas moves to expedite the Emergency Motion, or in the alternative, for the Court to postpone the Order's compliance date to afford time to resolve the Emergency Motion.

Dated: January 19, 2022                    Respectfully submitted,

                                                     */s/ Vincent J. Badolato*
Peter J. Willsey (*pro hac vice*)
Vincent J. Badolato (*pro hac vice*)
Jason M. Sobel (*pro hac vice*)
Stephanie P. Calnan (*pro hac vice*)
BROWN RUDNICK LLP
pwillsey@brownrudnick.com
vbadolato@brownrudnick.com
jsobel@brownrudnick.com
scalnan@brownrudnick.com


Sterling A. Brennan (UT Bar No. 10060)
MASCHOFF BRENNAN GILMORE &
ISRAELSEN, PLLC
sbrennan@mabr.com


Attorneys for Defendant/Counterclaim-Plaintiff
CANVAS TECHNOLOGIES, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of January 2022, a true and correct copy of the foregoing document was served on counsel of record via CM/ECF.

>  */s/ Sterling A. Brennan*
> Sterling A. Brennan