IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| INSTRUCTURE, INC., a Delaware corporation,<br><br>      Plaintiff,<br><br>vs.<br><br>CANVAS TECHNOLOGIES INC., a Delaware corporation,<br><br>      Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO EXPEDITE STAY DECISION AND DENYING DEFENDANT'S MOTION FOR EMERGENCY STAY<br><br>Case No. 2:21-CV-00454-DAK-CMR<br><br>Judge Dale A. Kimball |

This matter comes before the court on two motions: (1) Canvas Technologies Inc.'s ("Canvas Tech") emergency motion to stay enforcement of preliminary injunction pending appeal, and (2) Canvas Tech's motion to expedite the court's decision on the first motion. Having carefully considered the parties' arguments and submissions, as well as the relevant law and facts, the court now renders the following memorandum decision and order.

## DISCUSSION

### I.    Motion to Expedite

Canvas Tech filed its motion to expedite the court's decision, regarding Canvas Tech's emergency motion to stay enforcement of preliminary injunction pending appeal, on January 19, 2022. Canvas Tech correctly states that it is required to comply with the preliminary injunction enjoining it from using the canvas mark by January 20, 2022 unless a stay on the preliminary injunction is entered. Due to the urgency of resolving this issue, the court grants Canvas Tech's motion to expedite and now addresses the underlying motion.

1

## II.     Motion to Stay Enforcement of Preliminary Injunction Pending Appeal

Canvas Tech filed a notice of appeal of the preliminary injunction against it (ECF No. 75) on January 6, 2022. On January 7, 2022 Canvas Tech filed an emergency motion asking the court to stay entry of the preliminary injunction pending Canvas Tech's appeal to the United States Court of Appeals for the Tenth Circuit or, in the alternative, to stay the entry of the preliminary injunction pending the Tenth Circuit's decision on a motion to stay. The court now denies this emergency motion for the following reasons.

### A. Legal Standard

Rule 62(d) of the Federal Rules of Civil Procedure provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction." This decision is subject to judicial discretion, and the "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433 (2009). This burden is a heavy one. *Pueblo of Pojoaque v. New Mexico*, 233 F. Supp. 3d 1021, 1117 (D.N.M. 2017).

When considering a stay pending appeal, the court considers: (1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay is not granted; (3) the absence of harm to the opposing party if the stay is granted; and (4) where the public interest lies. *Homans v. City of Albuquerque*, 264 F.3d 1240, 1243 (10th Cir. 2001). The first two factors are the most critical, and it is "not enough that the chances of success on the merits be 'better than negligible.'" *Nken*, 556 U.S. at 434.

### B. Analysis

#### a. Likelihood of Success on Appeal

The first factor is whether Canvas Tech has made a strong showing of likelihood of success on appeal. The preliminary injunction can be set aside only if Canvas Tech shows "an abuse of discretion, an error of law, or clearly erroneous factual findings." *O Centro Espirita Beneficiente v. Ashcroft*, 314 F.3d 463, 465 (10th Cir. 2002). Further, there is no "relaxed" standard on this factor when considering a stay of preliminary injunction. *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1282 (10th Cir. 2016); *Bd. Of Cty. Comm'rs v. Suncor Energy*, 423 F. Supp. 3d 1066, 1072 (D. Colo. 2019); *Aposhian v. Barr*, 2019 WL 8195243, at *1 (D. Utah 2019); *Nation v. San Juan County*, 2018 WL 10582123, at *2 (D. Utah 2018). Thus, Canvas Tech must show a strong likelihood of success on the merits on appeal, and it has not done so here.

Every argument that Canvas Tech raises in this current motion regarding its likelihood of success on appeal, Canvas Tech has already raised in its opposition and sur-reply to Instructure, Inc.'s ("Instructure") preliminary injunction motion. Canvas Tech re-stating the same arguments does not sway the court. The court stands by its memorandum opinion and order regarding these arguments and the court's decisions therein. Thus, the court is unconvinced by Canvas Tech's arguments that it will succeed on appeal.

b. **Threat of Irreparable Harm if Stay Not Granted**

Regarding the second factor, Canvas Tech points to three alleged harms that it contends justify a stay: (1) that Canvas Tech's business will suffer irreparable injury during appeal because "it will have already been forced to rebrand from the CANVAS mark"; (2) that Canvas Tech's customers will suffer extreme harm absent a stay because their job searches will be disrupted; and (3) that, absent a stay, Canvas Tech will be irreparably harmed because its right to appeal will be moot. The court now addresses each of these alleged harms in turn.

First, rebranding is a normal consequence for a party facing a preliminary injunction in a trademark context. *See e.g., ADT LLC v. Alarm Prot. Tech. Fla.*, 2013 WL 11276120, at *2 (S.D. Fla. 2013). In addition, Canvas Tech has rebranded before – when it changed from Jumpstart to Canvas. Although that initial rebrand took six months, it is unlikely to take Canvas Tech that long again. Canvas Tech's mission and services this time will, presumedly, stay the same. All that must change is the branding itself. Since Canvas Tech still owns and retains the website and infrastructure for Jumpstart, the court is unconvinced that Canvas Tech will need much time at all to temporarily rebrand.

Second, the court believes that Canvas Tech's claimed harm to its customers is exaggerated. Presently, Canvas Tech's www.jumpstart.me domain is used by Canvas Tech to automatically redirect users to www.canvas.com. To comply with the preliminary injunction, Canvas Tech could use the www.jumpstart.me domain again, without redirecting the users. Canvas Tech can also announce the new rebrand through a post on its platform. Further, when addressing the initial rebrand from Jumpstart to Canvas, Canvas Tech's VP of Marketing stated that the rebrand "was fairly easy . . . on the marketing side." (ECF No. 81 at 8). It follows that the marketing would likely be fairly easy again with this rebrand. While the court recognizes that Canvas Tech would have liked to have more time to prepare to rebrand, so as to avoid inconveniences to itself and its users, the court does not think that temporarily rebranding this quickly will cause Canvas Tech or its clients to suffer irreparable harm.

Third, "the fact that an appeal may be rendered moot without a stay does not itself constitute irreparable harm." *In re Sunflower Racing, Inc*., 225 B.R. 225, 228 (D. Kan. 1998) (citing district court cases). *In re Sunflower* is the only case within the Tenth Circuit that Canvas Tech cites to support its argument that a case being rendered moot without a stay constitutes

irreparable harm, and yet the case merely states that mootness is an important factor that "should be evaluated with all of the relevant circumstances" of the case. *Id*.

Finally, Canvas Tech does not cite any trademark infringement cases to support its mootness argument. However, there are some trademark cases that reject this mootness argument. *See SunAmerica corp. v. Sun Life Assur. Co.*, 77 F.3d 1325, 1131-33 (11th Cir. 1996); *ADT LLC v. Alarm Prot. Tech. Fla.*, 2013 WL 11276120, at *1 (S.D. Fla. 2013). Regardless, the court does not agree that denying a stay will moot Canvas Tech's appeal. If successful on appeal, Canvas Tech can reintroduce its canvas mark and the court can grant Canvas Tech some form of meaningful relief. *See Sun America*, 77 F.3d at 1333 ("A case does not become moot simply because an appellate court is unable to completely restore the parties to the status quo ante. The ability of the appellate court to effectuate a partial remedy is sufficient to prevent mootness."). What is most important now is that the status quo in this case, the last uncontested status between the parties, is preserved. That status quo is the circumstances before Canvas Tech rebranded to Canvas.

Thus, the court finds that Canvas Tech has not met its burden on both the first and second factor. Accordingly, Canvas Tech's motion fails. Nevertheless, the court will still address the third and fourth factors.

    c. **Harm to Opposing Party if Stay Granted**

In the preliminary injunction order, the court has already found that Instructure will suffer irreparable harm if Canvas Tech is not enjoined. Canvas Tech recycles its same irreparable harm arguments here that it argued previously in its preliminary injunction briefing. However, based on the same reasoning, the court again rejects these arguments and stands by its finding that Instructure is entitled to a presumption of irreparable harm under the Trademark Modernization

Act, and that allowing Canvas Tech to trade off of the goodwill and reputation that Instructure built would be a significant harm to Instructure.

### d. Public Interest

Canvas Tech argues that staying the preliminary injunction will serve the public interest because it will (1) "prevent[] the disruption of ongoing job searches" and (2) "preserv[e] the integrity of the right to appellate review." However, the court, as analyzed above, does not think the disruption to ongoing job searches will be as great as Canvas Tech claims, nor does it think Canvas Tech's right to an appeal will be mooted. Furthermore, in trademark cases the public interest is in favor of not being deceived or confused by infringing uses of the mark. *Digital Satellite Connections, LLC v. Dish Network Corp.*, 2017 U.S. Dist. LEXIS 214776, at *12 (D. Col. March. 23, 2017). Thus, the court finds that the public interest is in favor of enforcement of the preliminary injunction.

Canvas Tech has therefore also not met its burden on factors three and four. Thus, upon analyzing all four factors necessary in considering a motion to stay, the court finds that Canvas Tech has failed to meet its burden and its motion is subsequently denied.

## CONCLUSION

Based on the foregoing reasoning, the court GRANTS Canvas Tech's motion to expedite the court's ruling regarding the emergency motion to stay, and the court DENIES Canvas Tech's emergency motion to stay enforcement of preliminary injunction pending appeal.

DATED this 19th day of January, 2022.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge