Mark Miller (#9563)
Brett Foster (#6089)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile:  (801) 933-7373
miller.mark@dorsey.com
foster.brett@dorsey.com
kapaloski.tammy@dorsey.com

Mike Keyes (*admitted pro hac vice*)
**DORSEY & WHITNEY LLP**
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7043
Telephone: (206) 903-8800
Facsimile: (206) 903-8820
keyes.mike@dorsey.com

*Attorneys for Plaintiff/Counterclaim Defendant Instructure, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **INSTRUCTURE, INC.**, a Delaware corporation,<br><br>    Plaintiff/Counterclaim-Defendant,<br><br>vs.<br><br>**CANVAS TECHNOLOGIES, INC.**, a Delaware corporation,<br><br>    Defendant/Counterclaim-Plaintiff. | **PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANT SHOULD NOT BE HELD IN CONTEMPT OF THE COURT'S PRELIMINARY INJUNCTION**<br><br>Civil No. 2:21-cv-00454-DAK-CMR<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

Plaintiff Instructure, Inc. ("Instructure") respectfully moves this Court to enter an Order to Show Cause requiring Defendant Canvas Technologies, Inc. ("Defendant") to explain why it should not be held in contempt of the Court's Order Granting Preliminary Injunction, Dkt. 74 (hereafter "PI Order").

4875-8286-9259\1

## I.  BACKGROUND

1. After extensive briefing, including over 500 pages of witness testimony and documentary evidence (*see* Dkt. 13-14, 27-30, 38-39 and 53-54), on January 5, 2022 the Court granted Instructure's Motion for Preliminary Injunction and ordered the following:

> Within 15 days of the date of this Order, Defendant shall remove all internet posts, pictures, or other material (including but not limited to on Defendant's websites, Facebook, Twitter, Instagram, YouTube and other social media pages) that display the CANVAS Mark in any manner.

PI Order at 42.

2.  Two days later, on January 7, 2022, Instructure posted the $100,000.00 bond required by the Court's PI Order.  *See* Dkt. 78.

3. Also on January 7, 2022, Defendant filed an Emergency Motion to Stay Enforcement of Preliminary Injunction Pending Appeal ("First Stay Motion").  Dkt. 79.  The First Stay Motion asked the Court to "stay the injunction pending appeal, or in the alternative, pending the Tenth Circuit decision on a motion to stay under Fed. R. App. P. 8.  *Id*. at 10.

4. In the First Stay Motion, Defendant acknowledged that the deadline for Defendant's compliance with the PI Order is January 20, 2022 (at that time two weeks away).  *Id*. at 1.  Despite this express acknowledgement, Defendant did not include a motion or even a request for expedited briefing or consideration with its First Stay Motion.  *Id*.

5. Instructure filed its Opposition to the First Stay Motion on January 18, 2022, several days before the opposition deadline required under the Court's Local Rules.  Dkt. 81.

6. On January 19, 2022—12 days after filing its First Stay Motion and the day before its obligation to comply with the PI Order—Defendant filed a motion to expedite resolution of the

First Stay Motion.  Dkt. 83.  *That same day*, the Court granted the motion to expedite and denied the First Motion to Stay.  Dkt. 84.  In so doing, the Court noted, "[Defendant] correctly states that it is required to comply with the preliminary injunction enjoining it from using the canvas mark by January 20, 2022 unless a stay on the preliminary injunction is entered."  *Id*. at 1.  The Court then analyzed and rejected all of Defendant's stay arguments and denied the First Stay Motion.  *Id*. at 1-6.  In other words, Defendant was not granted a stay pending the appeal or pending the Tenth Circuit's decision on a motion to stay.

7. On January 20, 2022 (the date this Court ordered Defendant to comply with the PI Order), Defendant filed an Emergency Motion to Stay Entry of Preliminary Injunction Pending Appeal in the Tenth Circuit ("Second Stay Motion"), which essentially reiterated the same arguments in the First Stay Motion before this Court.  *Compare* Ex. A with Dkt. 79.[1]

8. The Second Stay Motion remains pending, and Instructure will file its opposition on Wednesday, January 26, 2022, in compliance with the briefing schedule ordered by the Tenth Circuit.

9. Despite this Court's PI Order and its order denying the First Stay Motion, the January 20, 2022 deadline has come and gone with **no change** to Defendant's infringing activity.  There is no evidence that Defendant has taken any steps whatsoever in an effort to comply. In effect, Defendant has unilaterally granted itself a stay of the PI Order by wholly disregarding it.  As of the filing of the present Motion, as shown below, it is business as usual on Defendant's www.canvas.com website, and Defendant continues to use the CANVAS mark.

---

[1] References to "Ex." are to the exhibits to the Declaration of Mark Miller submitted concurrently herewith.

3



**Aug. 17, 2021**                             **Jan. 24, 2022**

*See* Ex. B; *see also* Ex. C.

      10. Defendant's non-compliance with this Court's PI Order has already been recognized and reported on by the press. *See* Ex. D ("Diversity recruiting platform Canvas is still using the Canvas brand and Canvas.com domain name after a court deadline forcing a change passed.").

      11. On the morning of January 24, 2022, the undersigned brought Defendant's contempt to the attention of Defendant's counsel and indicated if Defendant's did not comply with the PI Order or provide an adequate justification for its non-compliance by the end of the day, Instructure would file the present Motion. Later that evening, Defendant's counsel responded by email, vaguely claiming that Defendant has been working toward compliance with the PI Order, but failing to provide any specifics. *See* Ex. E. It remains beyond dispute that Defendant is in violation of this Court's PI Order.

      12. Defendant has not complied with the Court's PI Order in any respect, and continues to use the CANVAS mark in blatant disregard of this Court's orders.

**II.    ARGUMENT**

      Under federal law, the Court "has power to punish by fine or imprisonment, at its discretion, . . . contempt of its authority . . . [including, d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401 (1994); *see also* Fed. R. Civ. P.

4875-8286-9259\1

70 ("If a judgment directs a party . . . to perform any . . . specific act and the party fails to comply . . . . the court may . . . in proper cases adjudge the party in contempt."). Civil contempt is established by clear and convincing evidence that (a) a valid court order existed, (b) the defendant had knowledge of the order, and (c) the defendant disobeyed that order. *See Bad Ass Coffee Co. v. Bad Ass Coffee P'ship*, 95 F. Supp. 2d 1252, 1256 (D. Utah 2000) (holding defendants in contempt of trademark infringement preliminary injunction because "defendants continued to display and offer for sale various products labeled with the Bad Ass Coffee name and logo").

The factual background set forth above conclusively proves the factors for civil contempt. This Court's PI Order is clear. It is beyond question that the PI Order was in effect on January 20th, that Defendant had full knowledge of the PI Order and its obligations arising thereunder on January 20th, and that Defendant has not complied with the IP Order. Indeed, Defendant's conduct is all the more egregious given the Court's denial of the First Stay Motion. There is no excuse for Defendant's decision to wait almost two weeks after filing the First Stay Motion before seeking expedited resolution of the First Stay Motion from this Court. Much of the time crunch Defendant finds itself in is clearly self-inflicted. There is no question that Defendant's violation of the PI Order has been willful and deliberate. Defendant's contempt is beyond reasonable dispute here.

Given Defendant's knowing violation of the PI Order, the Court should impose appropriate coercive sanctions to compel Defendant's compliance. "Sanctions for civil contempt may only be employed for either or both of two distinct remedial purposes: (1) to compel or coerce obedience to a court order . . . ; and (2) to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance[.]" *Bad Ass Coffee*, 95 F. Supp. 2d at 1256 (*quoting O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1211 (10th Cir. 1992)); *see also Sara Lee Corp.*

*v. Sycamore Family Bakery Inc.*, 2011 WL 1807779 at *4 (D. Utah, May 12, 2011) ("[T]he court concludes that coercive sanctions are necessary to emphasize to Defendants that the court order must be followed even when it may be inconvenient."; awarding coercive sanctions and attorneys' fees for temporary violation of trademark injunction). In trademark actions, a "plaintiff may recover defendants' profits made as a result of the contemptuous conduct … to deter future infringements or to avoid unjust enrichment of defendants." *Premium Nutritional Prods. v. Ducote*, 571 F. Supp. 2d 1216, 1221 (D. Kan. 2008) ("Because the infringing conduct continues unabated, the Court finds that it is appropriate to impose a coercive fine for each day that the contempt continues").

In this case, Defendant's conduct is wanton and deliberate and warrants severe coercive sanctions to compel Defendant to respect the Court's orders and comply with the PI Order. There is no justification for Defendant's apparent view that its Second Motion to Stay is somehow self-executing. *See, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Fed. Ins. Co.*, 2016 U.S. Dist. LEXIS 193149 at *10, n. 4 (D. Colo., June 9, 2016) ("The filing of a motion to stay by a party does not constitute an order of the court, and the mere filing of the motion does not stay this court's order."). Accordingly, Instructure recommends that the Court impose an appropriate daily fine for every day Defendant is in non-compliance with the PI Order, which could be calculated as Defendant's average daily profits while operating under the infringing CANVAS mark.

### III. CONCLUSION

For these reasons, Instructure respectfully requests that the Court issue an Order to Show Cause directing Defendant to show why it should not be held in contempt, if that is possible. If

Defendant fails to provide reasonable justification for its disregard of the Court's PI Order, Instructure respectfully asks that the Court impose appropriate coercive sanctions on Defendant.

DATED this 24th day of January, 2022.

                                        DORSEY & WHITNEY LLP

                                        /s/ *Mark A. Miller*
                                        Mark Miller (#9563)
                                        Brett Foster (#6089)
                                        Mike Keyes (admitted pro hac vice)
                                        Tamara L. Kapaloski (#13471)

                                        *Attorneys for Plaintiff/Counterclaim-*
                                        *Defendant Instructure, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of January, 2022, a true and correct copy of the foregoing document was served on counsel of record via the Court's ECF system.

Sterling A. Brennan: sbrennan@mabr.com
Charles J. Veverka: cveverka@mabr.com
Peter J. Willsey: pwillsey@brownrudnick.com
Vincent J. Badolato: vbadolato@brownrudnick.com
Jason M. Sobel: jsobel@brownrudnick.com
Stephanie P. Calnan: scalnan@brownrudnick.com

                                                                                                        */s/ Mark Miller*