**EXHIBIT E**



**From:** Willsey, Peter J. <PWillsey@brownrudnick.com>
**Sent:** Monday, January 24, 2022 5:46 PM
**To:** Miller, Mark <miller.mark@dorsey.com>
**Cc:** Sobel, Jason <JSobel@brownrudnick.com>
**Subject:** RE: Instructure v. Canvas

EXTERNAL: This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Mark –

Following up on our email exchange below, since the preliminary injunction order Canvas has been diligently working every single day (including weekends) on efforts to comply with the order, cease use of CANVAS, and rebrand to a new trademark.  Notwithstanding the flip-the-switch arguments Instructure made to the Court, you are an experienced attorney and undoubtedly must know that this is not an easy, "flip the switch" process.  It involves significant expenditures of time and money by my client's marketing and engineering teams, and in fact my client has an incredibly detailed "scoping" document that lays out the myriad tasks it has been tackling.

Accordingly, your statements that it is "business as usual" at Canvas, and that Canvas has completely disregarded the Court's order, are false.  If you proceed with a motion for contempt we will be prepared to file affidavits describing the extraordinary efforts my client has made to completely remake its corporate identity.  We will also point out that your client has yet to produce any evidence whatsoever that it is suffering any actual harm by our client's continued use of CANVAS while it does what it needs to do to switch to a new brand.

As soon as we know when Canvas can cease use of CANVAS and launch a new brand, we will immediately let you know.  At present, however, we do not have a specific date when the rebrand will be implemented, but the hard work that our client has been doing suggests that it will be done as soon as is reasonably practical.  Happy to discuss tomorrow if you'd like.

Best regards,
Peter

**From:** Willsey, Peter J.
**Sent:** Monday, January 24, 2022 5:50 PM
**To:** miller.mark@dorsey.com
**Cc:** Sobel, Jason <JSobel@brownrudnick.com>
**Subject:** RE: Instructure v. Canvas

Mark –

We have been conferring with our client on a daily basis and I intend to send you a substantive response by 6 p.m. your time.

Peter

**From:** miller.mark@dorsey.com <miller.mark@dorsey.com>
**Sent:** Monday, January 24, 2022 12:33 PM
**To:** Willsey, Peter J. <PWillsey@brownrudnick.com>
**Cc:** Sobel, Jason <JSobel@brownrudnick.com>
**Subject:** RE: Instructure v. Canvas

> **CAUTION: External E-mail. Use caution accessing links or attachments.**

Peter,

Despite your claim that Defendant would comply with the injunction "to the extent possible," it appears that Defendant has made no change at all to its use of CANVAS.  Instead, it seems to be business as usual on canvas.com.  Accordingly, unless Defendant complies with the PI Order or you can provide some justification for Defendant's complete disregard of the Court's IP Order by close of business today, we will file a motion for contempt with the Court.  I am happy to get on a call to discuss today.

Regards,

Mark

**From:** Willsey, Peter J. <PWillsey@brownrudnick.com>
**Sent:** Tuesday, January 11, 2022 4:30 PM
**To:** Miller, Mark <miller.mark@dorsey.com>
**Cc:** Sobel, Jason <JSobel@brownrudnick.com>
**Subject:** RE: Instructure v. Canvas

EXTERNAL: This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Mark –
We're sorry that Instructure is not willing to negotiate further at this time. As Instructure has rejected our previous offers, we want to confirm that those offers are all withdrawn. We will focus our efforts on obtaining a stay of the preliminary injunction, appealing Judge Kimball's ruling to the

10th Circuit, and attempting to comply with the injunction to the extent possible.

Best regards,

Peter















