**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| **INSTRUCTURE, INC.**, a Delaware corporation,<br><br>　　Plaintiff,<br><br>vs.<br><br>**CANVAS TECHNOLOGIES INC.**, a Delaware corporation,<br><br>　　Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:21-CV-00454-DAK-CMR<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant Canvas Technologies Inc.'s ("Canvas Tech") response to this court's Order to Show Cause as to why Canvas Tech has not complied with the preliminary injunction, and Plaintiff Instructure Inc.'s ("Instructure") subsequent reply concerning the same. After carefully considering the parties' materials submitted in this matter, the court enters the following Memorandum Decision and Order.

## BACKGROUND

On January 5, 2022, the court issued a preliminary injunction ("PI Order") requiring that Canvas Tech stop using the CANVAS mark by January 20, 2022. The day before this deadline, the court denied Canvas Tech's Motion for Emergency Stay. The Tenth Circuit has since also denied Canvas Tech's Motion for Emergency Stay. After the deadline for Canvas Tech to comply with the PI Order passed, it appeared to Instructure that there was no change to Canvas Tech's infringing activity and no evidence that Canvas Tech was complying. Instructure then filed a Motion for Order to Show Cause as to why Canvas Tech should not be held in contempt

1

of this court's preliminary injunction on January 24, 2022, and asked the court to expedite the decision on that motion the following day. On January 25, 2022, the court granted both of Instructure's motions and ordered Canvas Tech to show cause why it should not be held in contempt for not complying with the preliminary injunction by February 4, 2022. Canvas Tech responded on February 4, 2022, and Instructure replied three days later.

The PI Order required Canvas Tech to stop selling, advertising, or promoting any product or service using the Canvas Mark; to stop using, advertising, promoting or redirecting any other websites to [www.canvas.com](www.canvas.com); to remove and destroy all of its physical materials with the Canvas Mark within fifteen days; and to remove all internet posts, pictures, or other material (including but not limited to on Defendant's websites, Facebook, Twitter, Instagram, YouTube and other social media pages) that display the Canvas Mark in any manner within fifteen days.

In response to the PI Order, Canvas Tech immediately consulted counsel and strategized internally on a plan to rebrand. This plan has included evaluating potential new brands/trademarks. Canvas Tech also assembled a team to create and execute a plan to comply with the PI Order. In order to remove references to CANVAS quickly, the team designed Phase 1A to focus on rebranding the most visible, public-facing online surfaces, and Phase 2B to focus on rebranding all remaining public-facing surfaces. In executing its plan, Canvas Tech anticipated that securing a new company name would take time, so it has engaged in "pre-work" tasks that have included quality tests, updating its database, making changes to its platform, creating a duplicate website to test a potential new name, replacing many references to CANVAS on its public-facing surfaces with generic language, and so on. Canvas Tech has also expressed to the court how reverting to its former name Jumpstart and former domain is not a

viable option, and how it feels the need for "domain warming" time, once a new company name is selected, in order to ensure a smooth transition.

Canvas Tech has not complied with the PI Order in many ways. Although Canvas Tech has removed "Canvas" from some text, the Canvas Mark still remains unchanged at the top of every webpage example Canvas Tech provided. Canvas Tech has stated that this will change "once a new company name is finalized." Canvas Tech has not indicated when that finalization will be. In addition, all of Canvas Tech's social media remains branded with the Canvas Mark, despite the fact that its YouTube subscribers and followers on Instagram, Facebook, and Twitter are few. Canvas Tech has also posted new content on its LinkedIn account under the Canvas Mark at least twenty times after the January 20, 2022 compliance deadline passed. Furthermore, Canvas Tech is still in the first phase of its compliance plan, and has not given any certainty to the court as to when it plans to be fully in compliance.

## DISCUSSION

Federal district courts have the "power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority . . . as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C.A. § 401. It is well-settled law that "a district court has broad discretion in using its contempt power to require adherence to court orders." *Consumers Gas & Oil, Inc. v. Farmland Indus., Inc*., 84 F.3d 367, 370 (10th Cir. 1996). In order to hold a party in civil contempt, a court must find clear and convincing evidence "that a valid court order existed, that the defendant had knowledge of the order, and that the defendant disobeyed the order." *FTC v. Kuykendall*, 371 F.3d 745, 757-58 (10th Cir. 2004). "Defendants may assert a defense to civil contempt by showing by clear and convincing evidence that 'all reasonable steps' were taken in good faith to ensure compliance with the court order and that

there was substantial compliance, or relatedly by proving 'plainly and unmistakably' defendants were unable to comply with the court order." *Bauchman v. W. High Sch.*, 906 F. Supp. 1483, 1494 (D. Utah 1995) (internal citations omitted).

In this case, it is undisputed that the elements of contempt are met. A valid preliminary injunction order, the PI Order, exists. Canvas Tech has been aware of the PI Order since the day it was issued, but is still not in compliance with the PI Order. In its response to the Order to Show Cause, Canvas Tech asserts the defense that it is in "substantial compliance" and that full and timely compliance was "plainly and unmistakably" impossible. The court finds that this defense fails.

Canvas Tech is not in substantial compliance with the PI Order. Rather than removing its infringing use of the Canvas Mark from its online platforms, as required, it has replaced some uses of the word "canvas" with generalized language but then left the Canvas Mark in the top banner on everything. Canvas Tech has asserted that this will only change once they have rebranded the company name – something that has not yet happened, and Canvas Tech has given no certainty to the court as to when it will happen. In fact, Canvas Tech's descriptions of its "pre-work" to rebranding lead the court to believe that Canvas Tech plans on taking much more time to rebrand and fully comply with the PI Order. In addition, Canvas Tech has left the Canvas Mark on all of its social media. Considering how few subscribers and followers Canvas Tech has on its YouTube, Instagram, Facebook, and Twitter accounts, the court finds it egregious that Canvas Tech has not removed the Canvas Mark from these accounts or temporarily deactivated them. Moreover, Canvas Tech has posted at least twenty times on its LinkedIn account under the Canvas mark after the compliance deadline passed. Canvas Tech's actions simply do not substantially comply with the PI Order.

Canvas Tech has also not shown by clear and convincing evidence that it was "plainly and unmistakably" impossible for it to comply with the PI Order. Canvas Tech's arguments in this regard amount to the assertion that the actions it would have to take to fully comply with the PI Order right now would greatly disrupt and harm its business. However, this is self-imposed harm. "[A] defendant cannot avoid a preliminary injunction by claiming harm to a business built upon" trademark infringement. *GMC v. Urban Gorilla, LLC*, 500 F.3d 1222, 1229 (10th Cir. 2007); *see also Equitable Nat'l Life Ins. Co. v. AXA Equitable Life Ins. Co*., 434 F. Supp. 3d 1227, 1255 (D. Utah 2020) ("[C]ourts afford little weight to self-inflicted harms" claimed by trademark infringers). Thus, the court affords this little weight. In addition, Canvas Tech received a demand letter from Instructure in June 2021, knew that its Canvas Mark caused a likelihood of confusion with Instructure's trademark, and still chose to stick with the Canvas brand. Canvas Tech could have used the time since June 2021 to create and even implement a rebranding plan. That would have allowed Canvas Tech to take the time to rebrand that it desires and avoid much of the current harm it claims it will face if it complies with the PI Order.

In sum, it is clear to the court that Canvas Tech is not in compliance with the PI Order, Canvas Tech has not taken all reasonable steps to comply that would put it in substantial compliance with the PI Order, and Canvas Tech has not provided clear and convincing evidence that it is impossible for it to comply with the PI Order. Although compliance will likely cause harm to Canvas Tech's business, this is self-imposed harm that the court affords little weight. Accordingly, the court finds Canvas Tech in civil contempt of the court's PI Order.

Having found Canvas Tech in civil contempt, the court may now impose appropriate sanctions for the purpose of achieving "either or both of two distinct remedial purposes: (1) to compel or coerce obedience to a court order . . . ; and (2) to compensate the contemnor's

adversary for injuries resulting from the contemnor's noncompliance*." O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1210-11 (10th Cir. 1992). Awarding attorneys' fees is an appropriate form of compensatory sanctions, *see Bad Ass Coffee Co. v. Bad Ass Coffee P'ship*, 95 F. Supp. 2d 1252, 1257 (D. Utah 2000), and imposing a daily, monetary fine is an appropriate coercive sanction for contempt of a preliminary injunction. *See, e.g., Premium Nutritional Prods. v. Ducote*, 571 F. Supp. 2d 1216, 1221 (D. Kan. 2008).

The court grants Instructure an award of reasonable attorneys' fees for the fees Instructure incurred in investigating and initiating the present contempt proceedings. Instructure spent considerable time, effort, and money to enforce its trademark rights. This has resulted in a preliminary injunction in its favor. However, Instructure has yet to enjoy the relief it is entitled to through the preliminary injunction because Canvas Tech has not fully complied with it. Thus, the court finds it appropriate to award Instructure's reasonable attorneys' fees for the contempt proceedings. Instructure shall submit additional briefing and materials to support the requested attorneys' fees concerning the contempt proceedings within ten days of this Order.

With regard to coercive sanctions, the court finds it necessary to impose a daily fine on Canvas Tech for each day following this Order that Canvas Tech remains noncompliant with the PI Order. Canvas Tech has given no assurances that it will fully comply with the PI Order prior to the completion of its rebranding process. In fact, it appears that it is Canvas Tech's intent to not fully comply until it can at least complete Phase I of its rebranding. Canvas Tech has not provided a time estimate for this rebranding process to the court, but based on the time Canvas Tech took to rebrand the first time, the court imagines the approximate end date is planned to take place several months from now. It is an unacceptable that Canvas Tech may take several more months to finally comply with the PI Order, thus the court finds it necessary to impose a

daily fine on Canvas Tech as coercive sanctions until it complies. In regards to the amount of the fine, the court is cognizant of the size of Canvas Tech and its $70 million in new funding. With that in mind, the court finds that a fine amount of $2,500 per day is appropriate to achieve the coercive purpose. If by February 25, 2022 Canvas Tech's contempt has not ceased, the court may increase the daily fine.

## CONCLUSION

Based on the above reasoning, the court finds Defendant in civil contempt of its Preliminary Injunction Order in this case. The court awards Instructure reasonable attorneys' fees, to be determined after further briefing, as compensatory damages. As coercive sanctions, the court imposes a $2,500 daily fine on Defendant for each day following the date of the issuance of this Order that Defendant remains noncompliant with the Preliminary Injunction Order. The court orders both parties to file status reports on February 25, 2022, within which each party will express its views on whether Defendant's contempt has ceased. If the court subsequently finds that the contempt has not ceased, the daily fine amount may be increased. Finally, Instructure shall submit briefing and supporting documentation on its requested attorneys' fees for the contempt proceedings within ten days of the date of this Order.

DATED this 10th day of February, 2022.

BY THE COURT:

DALE A. KIMBALL
United States District Judge